MATHIS *v.* WEAVER, executor.

While an interlocutory order for the appointment of a receiver is reviewable by the Supreme Court, a subsequent order made pending a writ of error in such case, supplying a vacancy in the office of receiver resulting from non-acceptance of the one first appointed, is not reviewable upon a fast writ of error.  *Writ of error dismissed.*

April 9, 1894. Argued at the last term.

J. H. LUMPKIN and LITTLE, WIMBISH & WORRILL, for plaintiff in error. BLANDFORD & GRIMES and THORNTON & McMICHAEL, *contra.*

---

DeLOACH *v.* RICHARDS.

The plaintiff in error not having paid the costs in this court, and the affidavit sent up with the record not conforming in terms to the act of September 27th, 1881 (Code, §4263), and counsel not having appeared in person when the case was called for argument, and not having sent up money with which to pay the costs, the writ of error is dismissed. *Harris* v. *Harrold, Johnson & Co.,* 74 *Ga.* 410.                                        *Writ of error dismissed.*

April 9, 1894. Argued at the last term.

A rule absolute was granted against a constable for failing to make the money upon levy of a distress warrant. He excepted, and instead of making the usual affidavit *in forma pauperis,* he swore "that because of his poverty he is unable to pay the cost in the above stated case." The head-note states the other facts.

J. J. BULL, by brief, for plaintiff in error.

---

MORRISON *v.* DODGE.

Neither the documentary evidence specified in the bill of exceptions, nor any brief of the same, being set out and authenticated, either in the bill of exceptions or in the transcript of the record, and it not appearing that said evidence ever was briefed and approved by the judge so as to become a part of the record, and none of the