COLLINS *v.* BORING.

96  360
111  121

1. Trust estates, like others, are liable for taxes legally assessed against them; and where the trustee, herself a female, owning no property in her own right, resides upon the trust property for a great many years, and under such circumstances an execution for taxes due thereon issues against her *ea nomine*, with the addition of the word "trustee," it will be presumed, after long acquiescence by her, that the taxes thus sought to be collected were legally assessed against the trust property; and if, after a sale under such an execution, the trustee yield possession at the demand of a purchaser thereat, and he enters, a verdict finding in favor of the contention that the execution was a legal charge against the trust estate, and that the trust property could be legally sold thereunder, is so far supported by the evidence that this court will not disturb the discretion of the trial judge in upholding the finding of the jury.

2. Where the levy entered upon a tax execution describes the property levied upon with such accuracy as to clearly distinguish the same from other property of like character, and with such particularity as to render the same capable of exact identification by extrinsic evidence, the levy is in law sufficiently certain as to the matter of description.

3. In the absence of a statutory affidavit of forgery, the law will presume, in favor of a duly registered deed, that it was executed as offered in evidence; and if alterations appear to have been made therein, it will be presumed that such alterations were made at or before the time of its execution.

4. Where, in the entry of a levy upon an execution, it appears that alterations and changes have been made, it will, if nothing appears to the contrary, be presumed, in favor of the integrity of the official return, that such alterations and changes were made by the officer, or by his direction, at the time the original entry was made, and before any further action thereunder.

5. Where land belonging to a trust estate was levied upon under an execution against the same for taxes, which land was afterwards sold at sheriff's sale and bought by a stranger to the trust, who thereafter sold to yet another, which latter person purchased in good faith, without notice of any irregularities in the sheriff's sale, and entered into possession under a deed executed by the purchaser at the sheriff's sale, such deed is good as color of title, whether in all respects perfect or not, and serves as a good basis for prescription, under which a statutory possession for the period prescribed by law will perfect the title.

6. This being the third consecutive finding in favor of the defendant,

and the evidence being sufficient to support the verdict, and the trial judge being satisfied therewith, his judgment overruling the plaintiff's motion for a new trial will not be disturbed.
July 8, 1895.

Ejectment. Before Judge Lumpkin. Fulton superior court. September term, 1894.

Collins sued Mrs. Boring for a tract of land in lot 222 of the 17th district of originally Henry, now Fulton county, commencing on the east side of the Marietta road at a point where it crosses the south line of said land lot, running thence east 1,600 feet to a white oak stump, thence north 681 feet more or less, thence west 1,600 feet more or less, thence along said road to the beginning point, containing twenty-five acres more or less. The defendant disclaimed title to the northern portion of the land sued for, a strip of about 250 feet in width and 1,600 feet in length.

On October 22, 1857, Joseph F. Morris deeded to Frances F. Burge, "in trust for Emily J. Burge and her children the issue of her body, and her present husband William F. Burge, as well those that may be born to said Emily J. Burge and William J. Burge, also for the use, benefit and advantage of Mary M. Burge and the issue of her body by her present husband Benjamin R. Burge," a tract of land partly described as commencing at the southeast corner of land lot number 222 of originally Henry, now Fulton county (the number of the district not being given). The boundaries of the tract were stated. The tract was stated to contain $117\frac{1}{2}$ acres more or less. It does not appear to have been disputed by either side that the land in dispute was a portion of said tract. The deed also conveyed other land. Collins claimed that this deed from Morris to Mrs. Burge as trustee conveyed the title to her in trust for the beneficiaries therein stated. Frances F. Burge was the mother-in-law of Emily J. Burge and Mary Burge, men-

tioned in the deed, and was the mother of Benjamin R. Burge and Mrs. Boring. The children of Emily J. Burge were William F. Jr., Matthew, John and George Burge. Mary M. Burge was the wife of Benjamin R. Burge. Her children were Harriet E. Hatcher and Mrs. Isbell. By a deed dated December 2, 1872, William F. Burge Jr. conveyed to Collins all the interest of said William F. in the lands held by Frances F. Burge, trustee, under the deed from Morris. In 1880, by an agreement between Mrs. M. J. Burge, Mrs. Mary M. Burge, Mrs. Hatcher, Mrs. Isbell, George W., John M. and Matthew Burge, and Collins as grantee of W. F. Burge Jr., a partition was made of lands covered by the Morris deed, in which, as claimed by plaintiff, a portion of the land containing 35 acres and covering the tract in dispute was set apart to Mrs. Hatcher, and the other parties to the agreement for partition conveyed the same to her. By deed made October 15, 1883, Mrs. Hatcher conveyed to Collins the land which had been thus conveyed to her. Mrs. Frances F. Burge died in 1879 or 1880; she had lived upon the land in dispute for many years up to within a short while before her death. Her daughter, the defendant, claimed that a tax *fi. fa.* against Mrs. Frances F. Burge, trustee, issued in 1875, was levied in March, 1876, upon a part of the tract of land covered by the deed from Morris; that this levy covered the land now in question; that under this levy the sheriff sold the property and made a deed to it to one Mackey as trustee for his wife; that Mackey, trustee, deeded the property to defendant in May, 1877, and in 1892 Mrs. Mackey also made her a deed to the property; and that thus she acquired a good title. She also claimed that under the deed from Mackey she had gone into and held possession of the property, and had acquired a good prescriptive title. There was a verdict in her favor, and plaintiff's motion for new trial was overruled. For the other facts see the opinion.

CANDLER & THOMSON, for plaintiff. HULSEY & BATE-
MAN and GEORGE WESTMORELAND, for defendant.

ATKINSON, Justice.

1. Ordinarily executions against a trust estate for
taxes should be issued against a trustee in his represen-
tative capacity, and not in his capacity as an individual;
and usually the mere addition "trustee" is *descriptio per-
sonæ* only, and does not give to the person so described
his representative character. But the property of trust
estates, like all other property, is liable for taxes legally
imposed upon it; and where the trustee, owning in her
own right no separate property, remained in possession
of the trust estate, and while she was thus in possession
an execution issued against her, describing her *ea nomine*,
but with the addition "trustee," she having no property
of her own liable for taxes, the presumption would be,
after long lapse of time, that she made a return of the
trust property, in which she described herself in accord-
ance with the description of her given in the execution.
If the trust estate were in fact liable for the taxes, the
erroneous description of the person against whom the
execution issued was amendable, and the progress of
such an execution, until amended, could have been ar-
rested by the defendant filing an affidavit of illegality.
That this execution was treated as a lien upon the trust
property, is clearly deducible from the fact that the trus-
tee in her individual capacity owned no property, and
there was none other against which the execution could
have issued. The trustee, however, made no question
as to the validity of the execution. The property was
brought to sale, and the trustee, under the sale thus
made, yielded possession to the purchaser, and the right
of this purchaser, so far as this record discloses, has
never been called in question by any one holding or
claiming in subordination to the right of the trustee.
We think, therefore, there was sufficient evidence upon

the trial of this issue to authorize the jury in finding that the tax execution under which the property was sold was for taxes which were a legal charge upon this estate; particularly, as the same for nearly twenty years has never been called in question by any one entitled in right of the trust estate.

2. The execution and deed made in pursuance of the sale thereunder were objected to, upon the ground that the levy was not sufficiently certain to identify the property sold.   The levy entered upon the execution was in the following language: "Levied this *fi. fa.* on a lot and the improvements thereon, containing twenty-five acres, situated in the southeast portion of land lot No. 222 in the 17th district of originally Henry, now Fulton county, Georgia, adjoining the lands of James D. Collins and Atkinson, and known as the Burge property, as the property of Mrs. F. F. Burge, trustee, March 29th, 1876." (Signed) "C. W. Wells, D. Sheriff."   We think this levy sufficiently definite to authorize a sale of the property therein described.   Description must always be to a great extent a matter of degree.   Absolute certainty in matter of description is difficult, if not impossible, of attainment.   The property here was designated, first by lot number, then as a fractional portion of that lot, containing a given number of acres embraced within boundaries of contiguous landowners, and the final matter of description refers to it as the property belonging to a particular person.   With such a description in a deed, a conveyance of premises would not be void. Whatever was ambiguous might be cured by parol evidence of the identity of the premises; and that these premises, from the description given, are capable of identification and location, does not admit of question.

3. The deed executed in pursuance of the sheriff's sale made under the levy and *fi. fa.* which we have been discussing, was offered in evidence, and objection was

made to it upon the ground that upon its face alterations appeared to have been made in the deed. The court overruled this objection, and admitted the deed in evidence, to which ruling the plaintiff excepted. The deed appeared on its face to have been duly executed, had been regularly admitted to record, and was offered as a registered deed. Under section 2712 of the code, registered deeds are admissible in evidence without further proof; and this rule of law rests upon the presumption that just as the deed was executed it was admitted to record. *Prima facie* then, alterations which appear in a registered deed, under the section of the code which admits registered deeds without further proof, will be presumed to have been made by the parties at or before the time of the execution of such deed. If the plaintiff desires to raise an issue upon this point, he has only to file an affidavit that to the best of his knowledge and belief the deed as offered is a forgery, and the filing of this affidavit places upon the plaintiff the burden of showing affirmatively what the law in case of a registered deed presumes in his favor: that it was in fact executed and delivered in accordance with what purports to be the facts as stated therein.

4. Further objection was made to the introduction of the tax execution in question, upon the ground that in the face of the entry of the levy entered thereupon certain changes and alterations had been made. No traverse was offered to the truth of this entry, nor was it otherwise called in question than by objection to what appeared upon its face. This purported to be an official entry made by the sheriff in execution of the process committed to him. He was an officer authorized to execute the writ. Liberal presumptions are to be indulged in favor of the integrity of official returns. There is authority for the proposition, that such returns cannot be overcome except by the strongest evidence.

Whatever purports to be stated in the face of them, must be accepted at least as *prima facie* true. Upon this presumption alone, the court was justified in overruling the objection offered, and in allowing the execution as evidence.

5, 6. It appears from the evidence in this case, that the purchaser at the sheriff's sale subsequently conveyed to the present defendant the premises in dispute, executing to her a deed on May 9th, 1877. Evidence was submitted, showing that under this deed the defendant went into the possession of the premises described therein and remained for a sufficient length of time to have given her a title by prescription. The character of her possession was such as would have authorized a finding in her favor upon the question of prescription. So that, whether we treat the original tax sale as a valid sale or not, the jury having found upon the various elements involved in the establishment of a prescriptive title in favor of the defendant, the deed itself, whether perfect in all respects or not, being good as color of title, the verdict should be upheld; particularly is this true, where there have been three consecutive findings in favor of the defendant, and the finding of the jury upon the evidence submitted has been approved by the presiding judge.                    *Judgment affirmed.*