WILLIAMS *et al.* v. GEORGE & BROTHERS.

1. A writ of error will not be dismissed on the ground that the affidavit of the plaintiff in error only states that he is unable from his poverty to pay the costs.
2. While the bill of exceptions in this case contains numerous erasures, yet what remains sufficiently and clearly sets forth the grounds of error complained of, and the writ of error will not be dismissed on account of such erasures.
3. The transaction set forth by the suit in this case partakes both of the nature of a tort and a contract, and the cause of action sufficiently sets forth a suit for a breach of the contract.  The court, therefore, erred in dismissing the case on the ground that the action was one of tort and the justice's court consequently had no jurisdiction.

Submitted April 29, — Decided May 26, 1898.

Appeal.    Before Judge Spence.    Dougherty superior court. October term, 1897.

*Walters & Wallace*, for plaintiffs.
*Jones & Bacon*, for defendants.

LEWIS, J.    Williams and Mills brought suit in the justice's court against George & Brothers.    There was attached to the summons issued by the justice an account as basis of the suit,

of which the following is a copy: "Saab George & Bros. 1897.
To Sam Williams and Hamp Mills, Dr., July 19. To damages for
breach of contract, said Williams and Mills having a lease to a
certain room for 4 months, room in back of store now occupied
by defendants, said Williams and Mills having been ejected on
the 19th day of July, 1897, two months before lease expired,
$90." This case was appealed to the superior court. The evi-
dence for the plaintiffs showed that Williams and Poole rented
one room in the house occupied by defendants, for four months
at a stipulated sum per month. They went into possession un-
der their contract of rental or lease, and entered upon the busi-
ness of making and selling ice-cream. By an arrangement
had among the parties, Poole went out of the business and Mills
took his place; he went into the business with Williams with
the knowledge of the defendants, and without any objection on
their part. Williams and Mills were ejected by the defendants,
before the expiration of their lease. The testimony showed
the amount of net profits realized per day out of the business,
which was made the basis of the claim for damages. At the
conclusion of the plaintiffs' evidence defendants moved for a
nonsuit, on the ground that it was not an action arising ex con-
tractu, but one of tort, and the justice's court had no jurisdiction.
The court sustained the motion, and the plaintiffs excepted.

1, 2. The defendants in error moved to dismiss the writ of
error in this case, on the following grounds: 1st. Because the
affidavit of plaintiffs in error fails to state that they are unable
to pay the costs or give the bond required, but only states that
they are unable to pay the costs. 2d. Because the bill of ex-
ceptions is full of unexplained erasures which make it appear
mutilated and render it so uncertain that it is impossible to
clearly understand it. Under section 5552 of the Civil Code,
subdivision 3, it is provided that a bill of exceptions shall op-
erate as a supersedeas by the plaintiff in error filing an affidavit
with the clerk, stating "that he is unable, from his poverty, to
pay the costs or give the security for the eventual condemnation-
money, and that his counsel has advised him that he has good
cause for a writ of error, which affidavit shall operate as if the
costs were paid and bond given." Under section 5553, it is

provided: "If a pauper oath be made for the purpose of carrying any case to the Supreme Court without payment of costs, such oath shall state that the plaintiff in error, because of poverty, is unable to pay the costs in said case, and must not add conjunctively the inability of the plaintiff in error to give bond for the eventual condemnation-money." The effect of a failure to give the bond, or to make the oath of inability to do so on account of poverty, is simply to prevent the bill of exceptions from operating as a supersedeas to the judgment of the court below. Such an omission by the plaintiff in error does not take away from this court jurisdiction of the case. A failure to make a pauper oath of inability to pay the costs renders counsel of plaintiff in error liable for costs in this court, and upon his failure to pay the same the case will be dismissed. A party may be able to give the bond and security, and not be able to pay the costs, and vice versa. The statute would not require of him such an unreasonable thing as to swear falsely in order to have his cause heard by this court. If he can not, therefore, pay the costs, and at the same time can not swear that he is unable to give the bond, it is proper for him to make the oath, as was done in this case, that from his poverty he is unable to pay the costs, without adding more. This court has repeatedly held that where the affidavit is made conjunctively by stating that the party is unable to pay the costs *and* give the bond for the eventual condemnation-money, the plaintiff in error will not be relieved from paying the costs in this court, and upon his failure to do so the case will be dismissed. *Harris* v. *Harrold, Johnson & Co.*, 74 *Ga.* 410; *Prater* v. *Sears*, 77 *Ga.* 28–29. From the brief report of the facts in the case of *DeLoach* v. *Richards*, 94 *Ga.* 730, it would seem that an affidavit simply to the effect that plaintiff in error was unable to pay the costs would not be sufficient to relieve him from liability for costs in this court; but in that case there was an omission on the part of the reporter to add after the word "cost" the words "and give security" etc., as appears from the record. There is nothing in the decision in that case, in the light of its record, at all in conflict with the principle decided in the first head-note. While there are several erasures in the bill of exceptions

before us, yet what remains unerased leaves the bill sufficiently clear as to the grounds of error complained of. We, therefore, overrule the motion to dismiss the writ of error.

3. The cause of action in this case is very meagerly set forth; but the law does not require a plaintiff who brings suit in a justice's court to allege by petition or otherwise clearly and distinctly his cause of action. The suit is instituted simply by the suing out of a summons, and all that is necessary is for it to put the defendant upon some notice of the subject-matter of the complaint that he is called upon to answer. It is generally the case, therefore, that in determining whether or not a justice's court has jurisdiction of a suit, it is necessary to look not only to the summons, but to the evidence upon which the plaintiff relies for a recovery. While the transaction in this case partakes both of the nature of a tort and a contract, yet we think the plaintiffs really rely for a recovery upon their contract. Under section 3811 of the Civil Code they have a right in such a case to waive the tort and rely solely upon the contract. The case presented by the plaintiffs in error is substantially within the ruling of this court as announced in the cases of *Perdue* v. *Harwell*, 80 *Ga.* 150; *Hamilton* v. *Mandle*, 103 *Ga.* 78. *Judgment reversed. All the Justices concurring.*