## VICKERS *v.* HAWKINS, by next friend.

1. The levy of a wild land tax fi. fa. can not be attacked on the ground that it is excessive, when the fi. fa. is issued, not against the owner, but against the particular lot of land levied upon, and commands the levying officer to sell that lot for the taxes due upon it.
2. Where it appears that alterations or changes have been made in the entry of levy upon a tax execution, it will be presumed that such alterations or changes were made at the time of the original entry and before the sale, and the burden is upon the objecting party to show the contrary. The evidence in the present case was not sufficient to rebut the presumption.

Argued May 21, — Decided June 8, 1900.

Complaint for land.    Before Judge Spence.    Worth superior court.    October term, 1899.

*Fulwood & Murray* and *J. J. Forehand,* for plaintiff in error. *Perry & Tipton,* contra.

SIMMONS, C. J.    In the year 1888, the tax-collector of Worth county issued a tax execution against lot of land number 211, in the 14th district of Worth county, as unreturned wild land. The execution commanded the levying officer to levy upon and sell this particular lot in order to raise the unpaid State and county taxes due thereon.    On January 30, 1889, a proper officer levied this fi. fa. upon the lot, and, after legal advertisement, exposed the lot for sale on May 7, 1889.    At that sale Dixon purchased the lot, and afterward conveyed it to Vickers. In 1897 A. H. Hawkins by his next friend, brought suit to recover the land from Vickers.    He showed a grant from the State to Horne of this lot; a deed from Horne to S. H. Hawkins, made in 1887, and a deed from him to his son, the plaintiff in the present action, made in 1893.    The defendant offered in evidence the deed of the sheriff, made in May, 1889, together with the wild land tax fi. fa. and the entries thereon.    The plaintiff's counsel objected to the admission of this evidence, upon the grounds (1) that the entry of levy upon the fi. fa. showed the levy had been excessive, and (2) that the original entry of levy appeared to have showed a levy upon lot 221, and that this had been canceled and the number 211 inserted instead.    The court excluded the evidence, and directed a ver-

dict for the plaintiff. The defendant filed a bill of exceptions complaining of the exclusion of the evidence offered.

1. We think the judge erred in excluding the deed and fi. fa. upon the ground that the entry of levy showed on its face that the levy was excessive. The execution issued for the amount of $3.26, with costs. It was levied upon a lot of land the value of which the witnesses estimated at from fifty cents to $1.50 per acre. In the case of an ordinary execution against the person, such a levy would be excessive, but we think there is a difference between an execution issued in personam and an execution in rem. This execution was issued, by virtue of an act of the legislature, against unreturned wild lands. A great quantity of the wild land of the State appears to have been unreturned, and the legislature, in order that the State might not lose the taxes on such land, inaugurated a system by which the tax officers were required to issue executions against the land itself where it had not been returned. This was doubtless for the purpose of collecting the taxes already due, and of placing the title in persons who would return the land and pay the taxes. It was in the nature of a proceeding in rem against the land, and the execution directed that the lot be sold for the taxes and costs. The sheriff was obliged to levy upon the whole lot, in obedience to the command of the execution. There being no known owner of the land and no person returning it for taxes, it was right and proper to levy upon and sell the entire lot in order to place the title in some one who would return the lot for taxes. Had the sheriff sold only a sufficient quantity of the lot to pay the amount of the fi. fa., the balance would have still been without a known owner and remained unreturned for taxes. This would have rendered ineffectual the policy of the State to put the title in some known person who would return the lot for taxes. We think that an execution in rem against certain specific property may properly be levied upon that property, and that the levy will not be void for excessiveness though the value of the property be far greater than the amount of the execution. We therefore think that where a tax execution is issued against a particular lot of land, commanding the levying officer to levy upon and sell that lot, a levy of the execution upon the entire lot is not excessive. This was intimated

by Mr. Justice Lewis in *Hilton* v. *Singletary*, 107 *Ga.* 826, where he said: "We question very much whether this doctrine of excessiveness [of levy] can be applied to a case of this sort, where the fi. fa. issues in rem against specific property, namely, a certain wild-land lot, for taxes due thereon. The sheriff is ordered to seize the identical property levied upon and sold, and in the mandate to him there is no implied authority to seize a greater or less quantity than that specified in the fi. fa. It is in the nature of a proceeding in rem."

2. Nor was the other objection to the evidence good. It was that the entry of levy had been changed by canceling the number 221 originally written therein and writing the number 211 above, below, and over it. The execution was issued against lot 211 in the 14th district of Worth county. The sheriff advertised lot 211 and made the deed to lot 211. There was some evidence introduced by the plaintiff and defendant as to change or alteration in the entry of levy. The clerk of the superior court who recorded the deed testified that he did not know whether the change or alteration had been made at the time of the record. The other evidence was to the effect that the change or alteration had been made before Dixon conveyed the land to the defendant. There was really no evidence tending to show whether the alteration was made at the time of the original entry and before the sale, or whether it was made subsequently thereto. This entry of levy purported to be an official one by the sheriff. He was the person charged by law with the execution of the fi. fa.; and when alterations in his entry appear, it will be presumed he made them at the time of the original entry and, consequently, before the sale. This presumption must be rebutted by the person attacking the levy. Otherwise, the official entry of the officer will stand as correct, and the levy will not be invalidated by the alteration, although the same appear on its face. *Collins* v. *Boring*, 96 *Ga.* 360. For these reasons we think the court below erred in excluding the evidence offered by the defendant.

*Judgment reversed. All concurring, except Fish, J., absent.*