## HAM *v.* PRESTON.

1. The Civil Code (1910), § 6160, declares: "Within ten days after the bill of exceptions is signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney, and if there be several parties with different attorneys, upon each, with a

return of such service (or acknowledgment of service) indorsed upon or annexed to such bill of exceptions." The affidavit of the plaintiff in error in regard to service, entered on the back of the bill of exceptions as it appears in this court, states a substantial compliance with the section of the code above quoted. It has been held that this section, properly construed, requires personal service. This court will construe that the language of the entry of service on the back of the bill of exceptions, to wit, that the attorney for the plaintiff in error "has this day served O. M. Duke, attorney of record for the defendant in said case, with a copy of the bill of exceptions," means that the latter was personally served. The Supreme Court has no jurisdiction to hear evidence to explain, to sustain, or to impeach the verity of such an affidavit. It could be impeached only on the ground of fraud, and in the superior court. *Georgia, Florida & Alabama Ry. Co.* v. *Lasseter,* 122 *Ga.* 679 (51 S. E. 15) ; and see *Wade* v. *Watson,* 133 *Ga.* 608 (66 S. E. 922).

(*a*) The evidence which is incorporated in the bill of exceptions is a substantial compliance with § 6140 (1) Code of 1910 relating to the preparation of briefs of evidence. HILL, J., dissents.

(*b*) The judgment complained of was rendered on February 24, 1921; the bill of exceptions was presented to the judge of the superior court on March 26, 1921. It follows that the ground of the motion to dismiss, based on the contention that the bill of exceptions was not tendered to the judge within the time required by law, is without merit.

(*c*) The assignment of error is as follows: " To the order and judgment of the court granting said nonsuit the plaintiff excepted, now excepts, and assigns the same as error, and says that the evidence offered required the submission of the issues to a jury and authorizes a recovery for the plaintiff." This was a sufficient assignment of error. None of the grounds of the motion to dismiss the writ of error being meritorious, the motion is denied.

2. Under the evidence introduced by the plaintiff, the jury would have been authorized to find a verdict in his favor. It was error to sustain the motion for a nonsuit.

No. 2556. NOVEMBER 16, 1921.

Equitable petition. Before Judge Searcy. Butts superior court. February 24, 1921.

J. H. Ham brought suit against Mrs. W. Walker Preston, alleging, in substance, that he is the sole heir at law of Mrs. Emma G. Ham, deceased; that all of her property descended to and became his property, there being no debts against said estate; that among the property owned by Mrs. Emma G. Ham was certain described property situated in Flovilla, Ga.; that sometime prior to the death of Mrs. Emma G. Ham she signed certain instruments purporting to be deeds to the said real estate, conveying the same to Mrs. W. Walker Preston, and deposited these instruments of

writing into the hands of J. T. Gibson, who was cashier of the Bank of Flovilla, as her agent; that said papers remained in the hands of her said agent at the time of her death; that immediately after her death the husband of the defendant demanded said papers from Gibson, and they were delivered by Gibson to W. Walker Preston; that after the death of Mrs. Ham said deeds were recorded in the clerk's office of Butts superior court; that the record of said instruments constitutes a cloud upon the title of petitioner to the property therein described; that said instruments, purporting to be deeds, were never legally delivered to Mrs. W. Walker Preston, and therefore passed no title to any of said property; and that said deeds were void and of no effect. The prayers are, that the defendant be required to produce said instruments of writing; that they be decreed and declared to be void and of no effect, and to constitute a cloud upon the title of petitioner; that the record of said instruments in the clerk's office be expunged; and for process.

The case proceeded to trial before a jury; and after the introduction of evidence by the plaintiff, the defendant moved for a nonsuit, which motion the court sustained. The plaintiff excepted.

On the call of the case in this court the defendant moved to dismiss the writ of error, on the following grounds: " (1) Because plaintiff in error has not incorporated in the bill of exceptions a brief of so much of the evidence as is material to a clear understanding of the errors complained of, and has not had such brief approved by the judge, made a part of the record, and sent up by the clerk as a part thereof. (2) Because there is no sufficient assignment of error. (3) Because there is no such evidence of the service of the bill of exceptions and writ of error as is required by law. (4) Because it does not appear that the bill of exceptions was tendered to the judge within the time required by law." In response to the motion the attorney for the plaintiff moved the court to allow him to amend his original affidavit as to service upon the defendant, written on the bill of exceptions and sworn to by him, by adding " to said affidavit that the service of the bill of exceptions was served on O. M. Duke by handing him a copy of said bill of exceptions in person, and that said bill of exceptions was personally served on said O. M. Duke."

The original affidavit as to service of the bill of exceptions is as follows: "Georgia, Butts County: In person appeared before the undersigned authority C. L. Redman, who on oath says that he is an atty. of record in the within case for plff. in error, and that he has this day served. O. M. Duke, attorney of record for deft. in the said case, with a copy of this bill of exceptions in this case, with the certificate of the judge thereon and all entered thereon."

*Mallet & Bell, C. L. Redman,* and *H. M. Fletcher,* for plaintiff.

*O. M. Duke, John R. L. Smith, Grady C. Harris,* and *Brown & Brown,* for defendant.

GILBERT, J. 1. The motion to dismiss the bill of exceptions has been sufficiently dealt with in the headnotes, except that portion dealing with the sufficiency of the brief of the evidence. The only evidence submitted on the hearing of the case is contained in the bill of exceptions, and the recital of it is as follows: "Plaintiff introduced evidence proving that said defendant, Mrs. W. Walker Preston, is a resident of said county; that plaintiff and the said Mrs. Emma G. Ham, were intermarried on the twenty-third day September, 1915; and that the said Mrs. Ham died on the fourteenth day of December, 1918, leaving plaintiff her sole surviving heir at law; and that there were no debts against the estate of the said Mrs. Ham. That the said Mrs. Ham, at the time of her death, owned certain real estate, consisting of a dwelling-house and lot and a storehouse and lot in the town of Flovilla, Georgia, and that said real estate is the same as that described in Exhibits A & B, respectively, attached to plaintiff's petition; that this was the only real estate owned by the said Mrs. Ham; that she continued to collect the rents on said dwelling-house and lot, and exercised other rights of ownership over said property. That prior to her death the said Mrs. Ham signed two instruments of writing, which were introduced in evidence with Exhibits A & B attached to plaintiff's petition, and that said Exhibits A & B were exact copies of said instruments, except that on the instrument purporting to be a warranty deed to said dwelling-house and lot there was written on said instrument the following words: 'To be delivered at my death (to Bess Preston) 7/14/16. Mrs. Emma G. Ham;' said words or notation being in the handwriting of the said Mrs. Ham. That sometime

prior to her death, during the fall or about September before she died in December, the said Mrs. Ham deposited with J. T. Gibson, cashier of the Bank of Flovilla, said instruments of writing together with other papers, all of which were sealed in a large envelope or wrapper, telling the said Gibson, ' Keep these papers for me; and if anything happens to me, turn them over to Bess ' (meaning thereby Mrs. W. W. Preston); that the said Gibson had been acquainted with the said Mrs. Ham for ' twenty-odd years,' and that before her marriage to plaintiff the said Mrs. Ham had operated a store next door to the bank of which the said Gibson was cashier, and that the said Mrs. Ham had often left other papers and valuables with the said Gibson for safe-keeping, that she kept money on deposit in said bank, and that the said Gibson would make deposits for the said Mrs. Ham as her agent, and often collected the rents on said dwelling-house and lot and deposited the same to the credit of the said Mrs. Ham. That when the said sealed envelope was delivered to the said Gibson by Mrs. Ham there was written on the outside of the same the following words: ' Mrs. J. H. Ham's papers,' and that no other writing or notation appeared thereon. The said Gibson never parted with the possession of said papers, nor was he ever authorized or directed to deliver them to any one during the lifetime of the said Mrs. Ham. On the afternoon following the morning on which Mrs. Ham died, Miss Lucy Goodman called Mr. Gibson on the telephone and said, ' Mrs. Ham told her (Miss Goodman) to tell him (Mr. Gibson) to deliver those papers to Mrs. Preston as soon as she died.' Miss Goodman asked Mr. Gibson if she could come and get the papers for Mrs. Preston. Mr. Gibson replied that he didn't know exactly where they were, but that he would get them up and deliver them. The said Gibson did not deliver the papers to the said Mrs. Preston, but two days later gave them to her husband, W. W. Preston, telling him Miss Lucy Goodman said that Mrs. Ham said to deliver them to Mrs. Preston as soon as she died. When said Gibson delivered this package of papers to said W. W. Preston, he had never opened said envelope nor did he know what the same contained. Gibson testified, on cross-examination, that he supposed, or rather his understanding was, Mrs. Ham meant for him to deliver the papers to Mrs. Preston, if she died before she called for them to be re-

turned to herself; and that she never called for them after giving them to him to keep for her. The said Mrs. Ham had sold to W. W. Preston (under bond for title) the storehouse and lot, and held his, W. W. Preston's, notes for·the balance of the purchase-money due. About one month before·she died she told Raymond Biles, who was doing clerical work for the government in J. H. Ham's office, that she had bought a home on Mulberry street (Jackson), and she wished she could sell her house at Flovilla; she said she had sold her store to her brother-in-law, and wished he would pay his notes; that if he would pay the notes and she could sell her house, she would be all right. About two months before her death the said Mrs. Ham told T. W. Nelson that if she could sell her place at Flovilla, she would not have to borrow any money to pay on the place they were buying here (in Jackson). About a month before her death Mrs. Ham told John Billie Mays that she was going to sell her home at Flovilla and put the money in the place she and Judge Ham were buying in Jackson."

The defendant in error moved to dismiss the bill of exceptions, upon the ground that no brief of evidence was incorporated in either the bill of exceptions or in an approved brief of the evidence. The ruling that should be made upon this motion is not altogether free from difficulty; but after considering the question we are of the opinion that the bill of exceptions substantially complies with·the statute which requires that the evidence, or enough of the evidence· to make clear the issue involved, is set forth in the bill of exceptions. It is insisted that the recital that the plaintiff introduced evidence "proving that," etc., shows that what purports to be a brief of the evidence is nothing more than a conclusion of the judge as to what the evidence established; but, we cannot agree with this contention. We think that the expression "proving," as here used, is the equivalent of "in effect," or "in substance," or "in brief," the evidence following; that where it is recited that evidence was introduced proving certain facts stated, it is meant that there was evidence introduced as follows that expression there used. If the bill of exceptions had recited that the plaintiff introduced evidence "in effect" as follows, or " in substance as follows, it would hardly be contended that the bill of exceptions did not contain a brief of the evidence.

Construing the expression "proving" as equivalent to "in effect" or "in substance," we reach the conclusion that what is set forth in the form of evidence is a brief of the evidence. The conclusion that we have here reached is strengthened by a reading of the entire brief of evidence. It is true that all of the evidence is connected with the evidence "proving that;" but when we read the statements following that expression, we see that it is a clear and brief recital of the facts, and is not in the form of a statement of a mere conclusion either of the judge or of counsel for the plaintiff in error.

2. The evidence was sufficient to authorize the jury to find that the deeds were not delivered during the life of the grantor, which is essential to constitute a valid conveyance. *Baxter* v. *Chapman,* 147 *Ga.* 438 (94 S. E. 544). Under such a finding the plaintiff would have been entitled to a verdict and judgment in his favor; and accordingly it was error to award a nonsuit.

*Judgment reversed. All the Justices concur, except Hill, J., dissenting, and Fish, C. J., absent on account of sickness.*

HILL, J., dissenting. I dissent from the ruling made in head-note 1 (*a*). I do not think that such a brief of the evidence is incorporated in the bill of exceptions as is contemplated by the Civil Code (1910), § 6140. What is incorporated therein amounts to the *conclusion* of the presiding judge, or the attorney for the plaintiff in error. It does not appear as a brief of the evidence at all, but recites that the "plaintiff offered evidence *proving* that," etc. The section of the code, supra, provides that the plaintiff in error "shall incorporate in the bill of exceptions a brief of so much of the written and oral evidence as is material to a clear understanding of the errors complained of." In the absence of "a brief" of the evidence in the bill of exceptions, or therein specified and shown in the record, I am unable to say whether the facts as set out were "proved" or not.