## 23763. FAIRFAX LOAN & INVESTMENT CO. v. TURNER.

*Ezra E. Phillips,* for plaintiff.

*Broadus C. Bilbo, D. K. Meador,* for defendant.

MacINTYRE, J. Fairfax Loan & Investment Company obtained a verdict and judgment against J. R. Turner in a justice's court, of 1332d district, G. M., of Fulton county, Georgia. Turner instituted certiorari proceedings to review the verdict and judgment. In lieu of making the bond specified in the Civil Code (1910), § 5185, Turner filed an affidavit designed to comply with the Civil Code (1910), § 5187. Instead of following the language of the statute, that "owing to his poverty he is unable to pay the costs or give security," the affidavit avers that owing to petitioner's poverty he "is unable to pay the costs *and* give security," thus using the conjunctive "and" where the statute specifies the disjunctive "or." When this certiorari came on for hearing before the judge of the superior court Turner voluntarily dismissed his petition for certiorari. Within six months of the dismissal of the first petition for certiorari, but not within thirty days after the final determination of the case (Civil Code (1910), § 5188), Turner undertook to renew his original petition for certiorari under the provisions of the Civil Code (1910), § 4381, by filing a second petition for certiorari in the same case. When the second certiorari proceedings came on for hearing before the judge of the superior court the defendant in certiorari made an oral motion to dismiss the certiorari "Upon the ground that the original certiorari proceeding dismissed by the plaintiff in certiorari was void, and therefore the one before the court was brought too late, the same not having been presented for sanction within thirty days from the date of the judgment complained of. It was contended that the certiorari proceeding should be dismissed on the ground that the original certiorari was void because in a pauper's affidavit the petitioner for certiorari used the word "and" instead of the word "or," in stating that he was unable to pay the cost or make a bond for security. The judge of

the superior court overruled said motion to dismiss, and the case is here upon a direct bill of exceptions averring that "had the court sustained the motion to dismiss said certiorari proceeding in said Fulton superior court, the same would have been a final determination of said cause . . "

A motion to dismiss the writ of error upon two grounds is made in this court, the first ground being "that the said cause is still pending in the Fulton superior court undetermined, and the writ of error is premature." It being obvious that "the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the case" (Civil Code (1910), § 6138), the writ of error can not be dismissed for the reason assigned. The second ground of the motion to dismiss the writ of error is: "That on the front of the bill of exceptions it shows that the same was tendered to the judge of the superior court on the 20th day of November, 1933, and that the date 20th is interlined, and above said date the 18th is written, and that the certificate of the judge . . shows that the same was signed on the 20th day of November, 1933, and that the date 20th has been interlined and the date 18th written above, and that the judgment complained of . . was rendered on the 19th day of October, 1933, and the last day that the bill of exceptions could be tendered to the judge and his certificate affixed was the 18th day of November, 1933, and the writ of error should be dismissed because of this unexplained alteration." The certificate to the bill of exceptions is typewritten, with the exception of the date, which is inserted with pen and ink. The certificate is in the form prescribed by the Civil Code (1910), § 6145, and is signed "G. H. Howard, Judge Superior Court Atlanta Circuit." Apparently "20th" was first written in the blank space left for the date, and "20th" was either written very indistinctly or was nearly erased, and "18th" written boldly and distinctly directly above "20th." A casual inspection of the certificate indicates that it was designed that its date be November 18th, rather than November 20th. In these circumstances, it can not be assumed that there was any improper or unauthorized change in the date of the certificate, and the presumption is that the date of the certificate was changed prior to the time the judge signed it. The bill of exceptions recites: "And now, within the time prescribed by law, comes said

plaintiff in error and tenders its bill of exceptions, and prays that the same be signed and certified according to law . . ." Certainly this court can not change the evidently intended date of the certificate to the bill of exceptions. Furthermore, even if the certificate were dated on November 20th, this would be no ground for dismissing the writ of error, under the following ruling in the second headnote of *Sweat* v. *Barnhill*, 171 *Ga.* 294 (155 S. E. 18). "Where it is recited in a bill of exceptions that it was tendered to the judge within the time prescribed by law, and the judge signs the usual and statutory certificate, which certifies as true the recitals in the bill of exceptions, and where it does not appear that the failure of the judge to sign and certify within the statutory limit was due to the fault of the plaintiff in error or his counsel, the writ of error will not be dismissed on this ground." The motion to dismiss the writ of error is denied.

"A petition for certiorari void for any reason can not be renewed." *Talley* v. *Commercial Credit Co.*, 173 *Ga.* 828 (161 S. E. 832). "A writ of certiorari is void when the same is issued in a case where the bond required by the Civil Code, . . properly approved, has not been given. A writ of certiorari is likewise void, where, in lieu of such bond, an affidavit in forma pauperis is tendered, where such affidavit, in violation of the act of 1897, uses the conjunctive 'and' instead of the disjunctive 'or,' as required by law." *Simpkins* v. *Johnson*, 3 *Ga. App.* 437 (2) (60 S. E. 202). It is true that the first certiorari was voluntarily dismissed in the instant case, but the matter with which we are particularly concerned is the unquestioned rule that a void certiorari can not be renewed under the Civil Code (1910), § 4381. Under the authority of the *Simpkins* case, the original certiorari proceedings in the instant case were void; and the ruling in the *Talley* case tends strongly to support the holding in the former case. The original certiorari proceeding being void, and therefore not renewable under the Civil Code (1910), § 4381, and the second certiorari proceeding having been instituted long after the time allowed for bringing a certiorari, the judge of the superior court erred in overruling the motion to dismiss the certiorari. This ruling being controlling, it is useless to consider the other grounds upon which it is averred the certiorari should have been dismissed.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*