### 33259. WEST LUMBER COMPANY v. SCHNUCK et al.

800

DECIDED DECEMBER 2, 1950.   REHEARING DENIED DECEMBER 13, 1950.

*Herbert Johnson, Henry M. Hatcher Jr., William L. Moore,* for plaintiff.

*Sams, Wotton & Sams,* for defendant.

SUTTON, C. J.   West Lumber Company sued Lloyd B. Schnuck and T. J. O'Neil in Fulton Civil Court on an account for materials furnished, the amount sought, as shown by the amended petition, being $8793.54 principal, and $1128.42 interest.

The defendants filed an answer and cross-action, denying the indebtedness, pleading payment and estoppel as well, and seeking $19,562.05 as damages for breach of contract.   In the plea of payment it was alleged, in substance, that the plaintiff purchased the land which was improved by the use of the materials in building a house thereon, and by express agreement or implication thereby satisfied its claim, and further that the plaintiff desired to then sell the property to another and the defendants agreed, at the request of the plaintiff, to permit the sale to another for $31,500, out of which the plaintiff would receive $19,700 in satisfaction of the cost of purchasing the property

and furnishing the materials used in the construction of a house thereon. The gist of the plea of estoppel was that the plaintiff purchased by transfer a loan deed to the property, advertised the property for sale under the power contained therein, and purchased the property for itself at the sale and then sold it to another, leading the defendants to believe that the sale was made in satisfaction of the indebtedness under the security deed and the bill for materials. In the cross-action it was alleged, in substance, that Chester M. Schnuck owned a lot on which the defendants were to build a house to be sold, that the plaintiff agreed to furnish the materials on credit during the period of construction and until the house was sold, and that, unknown to the defendants, the plaintiff procured the transfer to it of a security deed on the property, exposed the property to public sale under power contained therein, and purchased the same, thereby making it impossible for the defendants to arrange a sale as contemplated by the parties and thereby pay for the materials.

The plaintiff moved to strike the pleas of payment and estoppel, as showing no defense, and the cross-action, as setting forth no cause of action. This motion was overruled, there were no exceptions, and the case proceeded to trial before a jury.

The evidence, substantially, is as follows: Chester M. Schnuck owned a vacant lot, and Lloyd B. Schnuck and T. J. O'Neil Jr., the defendants, arranged to build a house thereon, the same to be sold and Chester M. Schnuck to receive payment for the lot out of the proceeds. A construction loan for $10,000 was secured from the Atlanta Federal Savings and Loan Association, a loan deed and note being given to the association as security therefor. The defendants endorsed the note. A salesman for the plaintiff approached the defendants about this time in regard to the plaintiff furnishing the materials to be used in constructing the house, and the defendants explained that the proceeds of the construction loan were insufficient to pay for labor and other costs and for the bulk of the materials needed, and that the materials would have to be purchased on credit. It was arranged for the plaintiff to furnish the materials on open account. According to the evidence for the plaintiff the credit terms were for payment in a reasonable length of time,

or when the work was completed, and according to the evidence for the defendants the terms were for payment when the house was completed and actually sold. The testimony as to exactly what was agreed in this respect is in sharp conflict. One of the ledger sheets of the account bears the notation "to pay when job is done." The materials were purchased during the period from September, 1947, through June, 1948, the last balance shown being $8828.81, but it was admitted that the defendants were entitled to a credit of $35.27 for unused materials which the plaintiff picked up on the premises, and there is no issue as to the amount of the account. It appears that the construction of the house was extended over a period much longer than originally anticipated, and on June.17, 1948, the defendants were notified that a reasonable time had elapsed for the house to be completed and that the plaintiff would charge interest at the rate of seven percent on $8500 of the account, computed as of April 15, 1948. The house was completed or practically completed during July, 1948. On August 9, 1948, the loan deed and note on the property were transferred to the plaintiff by the Atlanta Federal Savings and Loan Association, and immediately thereafter the plaintiff advertised the property for public sale under the power of sale in the loan deed, the debt secured thereby being in default. These advertisements were published on August 13, 20, and 27, and September 3, 1948, and demands were made on the defendants for payment of the debt. In these advertisements it was stated that any excess of proceeds after payment of the loan and costs of the sale would be applied to payment of a materialmen's lien in favor of the plaintiff for $8828.11, plus seven percent interest from April 15, 1948. On September 8, 1948, the property was deeded by the plaintiff, as attorney in fact for Chester M. Schnuck, to itself, for a stated consideration of $12,000, this deed reciting that it was a conveyance made by virtue of a sale under the power of sale in the loan deed that was transferred to it. A short time thereafter the plaintiff sold and conveyed the property to Maynard G. Smith for $26,500. There was also evidence that the property was worth as much as $35,000, and that prospective purchasers in July or August, 1948, would have been willing to give more than $30,000 for the property, and evidence as to the amount of money expended

by the defendants in building the house, and as to their efforts to secure a buyer or get another loan on the property so as to pay the indebtedness incurred in building the house.

The jury returned a verdict for the defendants, the plaintiff moved for a new trial, and the exception here is to the judgment overruling the motion.

■ The defendants in error have moved to dismiss the writ of error on the ground that the bill of exceptions was not served within the time required by law; and the attention of the court is directed to the certificate of the trial judge, where it appears that the date over his signature was first shown as July 21, 1950, the same date the bill of exceptions was tendered to the judge, according to the certificate, and that this date has been marked out with ink, and the date, August 1, 1950, inserted, and attention is also called to the acknowledgment of service, in which the statement was made that time of service was not waived. This court must treat the certificate as it presently appears as speaking the truth. Its verity can only be impeached in a proper proceeding in the superior court. See *Georgia, Fla. & Ala. Ry. Co.* v. *Lasseter*, 122 *Ga.* 679 (1) (5 S. E. 15); *Ham* v. *Preston*, 152 *Ga.* 244 (1) (109 S. E. 505); *Carter* v. *Johnson*, 156 *Ga.* 207 (1, 2) (119 S. E. 22); *Sweat* v. *Barnhill*, 171 *Ga.* 294 (2) (155 S. E. 18); *Crawford* v. *Cook*, 48 *Ga. App.* 456 (1) (173 S. E. 187); *Fairfax Loan &c. Co.* v. *Turner*, 49 *Ga. App.* 300 (2) (175 S. E. 267). Accordingly, the certificate of the trial judge shows that it was executed on August 1, 1950, and although there was no waiver as to the time of service, the acknowledgment of service dated August 3, 1950, shows that service was made within ten days of the signing of the certificate, as provided by the Code, § 6-911 (1). The motion to dismiss the writ of error is denied.

■ Special grounds 1, 2, 3, 4, 5, 6, 7, 8, 11, 14, 15 and 16, which complain of the admission of certain evidence therein referred to, are without merit. Grounds 1, 2, 3, 4 and 5 assign error on the admission of the testimony of George W. West in identifying the deed from West Lumber Company to West Lumber Company, identifying the advertisement of the property in question, giving the name of the party to whom the West Lumber Company sold the property and the amount of the con-

sideration of that sale, and identifying the transfer of the security deed to West Lumber Company as entered of record. Grounds 6, 7, and 8 assign error on the admission of the testimony of Mrs. H. G. Tillis, a real-estate agent, as to an offer to her by Maynard Smith to purchase the property in question, and as to the fair market value of the property at that time. Ground 11 assigns error on the admission of the testimony of Lloyd B. Schnuck as to the value of the property in question before and after the foreclosure sale. Ground 14 complains of the admission in evidence of the advertisement of the property in the Fulton County Daily Report, and ground 16 complains of the admission in evidence of the security deed from Chester M. Schnuck to Atlanta Federal Savings & Loan Association.

■ It was error for the court to admit the testimony of Lloyd B. Schnuck as complained of in grounds 9 and 10 of the motion, to the effect that he had not been notified of the advertisement of the sale of the property in question, as to what he told George W. West about being ready to pay the loan and to pay for the materials that went into the house after it was sold, and as to the cost of the materials for the house. It was also error to admit the testimony of T. J. O'Neil as complained of in special ground 13 of the motion and to admit the forty checks and receipts complained of in ground 17 of the motion.

■ Ground 18 of the motion assigns error on the following charge of the court: "The defendants in this case contend that the account sued upon has been paid by a transfer of the real estate and improved property known as 596 West Wesley Road to the plaintiff, West Lumber Company, and that said improved property was accepted by West Lumber Company as payment. I charge you that if you should find from the evidence in this case that said improved property was so transferred to the plaintiff and accepted by it in payment of the account sued upon, you would be authorized to find that the account sued upon has been paid, and the plaintiff would not be entitled to recover its account."

To sustain the plea of payment made by the defendants it was necessary that the defendants introduce evidence showing the existence of an agreement whereby the plaintiff actually took the property in settlement of its claim for materials, either at

the time it acquired the note and loan deed, or when the property was sold under the power of sale contained in the loan deed, or when the subsequent sale was made, or that at the time the first sale was made, that is, under the loan deed, sufficient proceeds were derived from the sale to settle the bill for materials, after the indebtedness on the construction loan and the cost of the sale were satisfied. The evidence was insufficient to sustain the plea of payment, and it was error to submit this issue to the jury.

■ Ground 19 of the motion assigns error on the following charge: "If you should find from the evidence in this case, under the rules given you in charge, that the plaintiff, West Lumber Company, has previously undertaken to collect its bill for materials now sued upon by a foreclosure and a repossession of its material and has actually regained possession of its material, you would be authorized to find that the plaintiff is now estopped from assuming the position that its open account is still unpaid; and, if you so find, then plaintiff would not be entitled to recover in the present action."

There was no evidence showing any estoppel by reason of the plaintiff leading the defendants to believe that any sale was made which satisfied their indebtedness, and it was error for the court to submit this issue to the jury.

■ The charge complained of in ground 21 of the motion, that "If you should determine, however, that the plaintiff is estopped to collect on its debt, as to which I have charged you, or if you believe that the defendants' plea of payment should be sustained," the finding of the jury would be in favor of the defendants, was error for the reasons stated in divisions 4 and 5 above.

■ Ground 20 of the motion assigns error on the following charge of the court: "It is also contended in this case that the West Lumber Company agreed to an extension of time for the payment of the lumber and material sued for in this action until said lumber and material could be used in the improvement of real estate on West Wesley Road and until the real estate improved with the lumber and material could be placed on the market and sold.

"If you find from a preponderance of the evidence that such

agreement was made, a reasonable time would be allowed to complete the contemplated improvement, to be determined by you from the circumstances; to place the improvement on the market and sell the improvement, and such agreement to sell lumber and building material would not be a cash sale, but would be a sale upon credit and the account would not be due until the agreed provision had been complied with."

There was evidence from which the jury could have found that the West Lumber Company agreed that it would give the defendants until they sold the house to pay the account, which, of course, meant that West Lumber Company would allow the defendants a reasonable time in which to sell the house. If the jury found such to be the facts, then we think they would have been authorized to find that, by purchasing the security deed and foreclosing it before the expiration of a reasonable time from the completion of the house, West Lumber Company breached its contract. Ordinarily, the transferee of the power of sale in a security deed has the same rights as the original grantee, but since it does not appear that it was necessary for West Lumber Company to purchase the security deed to protect its rights, a jury could find that it was contrary to the terms of the alleged contract for West Lumber Company to buy in the security deed and do under its powers what it had agreed for a consideration not to do. If the jury should find that what West Lumber Company did at the time it acted was reasonably necessary to protect its interests, a different ruling would be required. Instead of putting itself in a position of liquidating the security deed as a quasi trustee of the defendants as well as in the capacity of a contracting party with respect to the account, West Lumber Company could have remained at arm's length and let the original owner of the security deed foreclose it, unless it appeared that such grantee refused or failed to do so. It follows that the court did not err in giving the charge complained of in special ground 20 of the motion.

■ The court erred in overruling the plaintiff's motion for a new trial for the reasons stated in divisions 3, 4, 5 and 6 of this opinion.

*Judgment reversed. Felton and Worrill, JJ., concur.*