### 23577. INTERSTATE FIRE INSURANCE COMPANY v. CHATTAM.

DUCKWORTH, Chief Justice. The Court of Appeals has requested answers to the following certified questions where a notice of appeal states that it is an appeal "from [a] jury verdict": (1) Does the Appellate Practice Act of 1965 (*Code Ann.* § 6-809; Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500) authorize appellate courts to cause the notice of appeal to be perfected by requiring the appeal to be amended to show an appeal from the judgment or to treat the appeal from the verdict as a substantial compliance with the statute; and (2) if the answer to the first question is in the negative, is it the duty of the appellate courts to inquire into their own jurisdiction and dismiss the appeal? *Held:*

The statute (Ga. L. 1965, pp. 18, 20; *Code Ann.* § 6-802) explicitly states in Sec. 4 that a notice of appeal must contain a concise statement of the "judgment, ruling or order" entitling the appellant to appeal. Then in Sec. 20 (*Code Ann.* § 6-1201 et seq.), there is set forth a form of an appeal which contains a blank to be filled out with a description of the "order or judgment" entered in the action. Indeed this court held in *Gibson v. Hodges,* 221 Ga. 779 (147 SE2d 329), that an appeal was fatally defective when it failed to designate "any appealable judgment or order as the ruling that entitled the appellant to take an appeal." The Court of Appeals can not know the appellant's intent other than he expressed it when he said the appeal was from a verdict; hence there is no other record indicated that would be relevant to order up under *Code Ann.* § 6-809 (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500). With all of the court's sympathy for lawyers and litigants, it can not con-

stitutionally provide the procedure of appeals nor engage in the practice of law by directing the judgments or orders on appeal when the appellant has not chosen to appeal therefrom. Where there is only an appeal from a jury verdict, there is nothing to review, and the Court of Appeals has no jurisdiction since it is a court for the corrections of errors of law alone. *Code Ann.* §§ 2-3704, 2-3708 (Ga. L. 1945, p. 8, Const. of 1945); *Code Ann.* § 6-701 (Ga. L. 1965, supra). The first question is answered in the negative and the second question is answered in the affirmative.

*Certified questions answered. All the Justices concur.*

SUBMITTED JULY 11, 1966—DECIDED SEPTEMBER 8, 1966.

*Chance & Maddox, J. C. Maddox,* for appellant.
*John D. Edge,* for appellee.