### 23597. WILLIAMS et al. v. KEEBLER.

QUILLIAN, Justice. The Court of Appeals has certified the question of whether it has jurisdiction to consider a case in which the notice of appeal, filed on December 2, 1965, was in the following form: "Notice is hereby given that Ray Williams and Mrs. Anna Williams, defendants named above, hereby appeal to the Court of Appeals of Georgia from the verdict entered in said action on February 19, 1965. Motion to set aside the verdict and judgment was filed and overruled on November 6, 1965. The clerk will please omit no part of the record in this case on appeal." *Held:*

The Court of Appeals does not have jurisdiction. The Appellate Practice Act of 1965, Ga. L. 1965, p. 18, provides that appeals may be taken from judgments, rulings or orders (*Code Ann.* §§ 6-701 and 6-802) and a notice of appeal "shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . , but when a motion for new trial, or a motion in arrest of judgment or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after *the entry of* [added by Ga. L. 1966, pp. 493, 496] the order granting, overruling, or otherwise finally disposing of the motion." Ga. L. 1965, pp. 18, 21, as amended, Ga. L. 1966, pp. 493, 496 (*Code Ann.* § 6-803).

Applying these rules to the facts contained in the question sub judice it is evident that the appeal is deficient in the following particulars: (1) a verdict is not an "appealable decision or judgment" within the purview of the Appellate Practice Act (*Interstate Fire Ins. Co. v. Chattam*, 222 Ga. 436; (2) the instant appeal is not timely since a motion to set aside is not included among those motions enumerated in *Code Ann.* § 6-803 which automatically extend the filing date for a notice of appeal. Furthermore, it should be pointed out that since the appeal was taken "from the verdict entered in said action on February 19, 1965" the mere mention in the notice of appeal of the judgment overruling the motion to set aside the verdict and judgment does not constitute an appeal from a final judgment so as to satisfy the requirements of the Appellate Practice Act. The omission in the notice of appeal to designate any appealable judgment or order as the ruling that entitles the appellant to take the appeal is fatal. *Gibson v. Hodges*, 221 Ga. 779 (147 SE2d 329).

*Certified question answered in the negative. All the Justices concur.*

SUBMITTED JULY 12, 1966—DECIDED SEPTEMBER 8, 1966.

*Albert E. Butler*, for appellants.
*Gibbs & Leaphart, Alvin Leaphart*, for appellee.