### 24878. DAVIS v. DAVIS.

GRICE, Justice. A motion to dismiss this appeal based upon several different grounds has been filed by the appellee. However, it is necessary to consider only the ground which charges that the notice of appeal does not except to any appealable judgment, since this ground requires grant of the motion.

The notice of appeal, although stating that it is filed within 30 days after entry of an order overruling a motion for new trial, recites that the appeal is taken (1) from "the final judgment and decree rendered by the jury on the 8th of May 1968" (judgment on that verdict was entered on June 5); (2) from "the ruling of the Court in not allowing the plaintiff's second amendment" to his petition; and (3) from "the jury awarding alimony" in a certain amount. None of these designated matters is a judgment or ruling from which an appeal may be taken under the Appellate Practice Act of 1965. Ga. L. 1965, p. 18; Ga. L. 1968, pp. 1072, 1073 (*Code Ann.* § 6-701). As to (1) and (3), this court has held that an appeal may not be taken from a verdict. *Interstate Fire Ins. Co. v. Chattam,* 222 Ga. 436 (150 SE2d 618); *Williams v. Keebler,* 222 Ga. 437 (150 SE2d 674). As to (2), the ruling disallowing the plaintiff's amendment was not a final judgment

and there is no certificate of immediate review by the trial judge. See Ga. L. 1968, pp. 1072, 1073; *Goldberg v. Monroe*, 224 Ga. 693.

Since the appeal was taken from the verdict and from a ruling which was not an appealable judgment, the mere mention in the notice of appeal of the judgment overruling the motion for new trial "does not constitute an appeal from a final judgment so as to satisfy the requirements of the Appellate Practice Act." *Williams v. Keebler*, 222 Ga. 437, 438, supra. See also, *Gibson v. Hodges*, 221 Ga. 779 (3) (147 SE2d 329).

The motion to dismiss the appeal is granted, and the appeal is

*Dismissed. All the Justices concur.*

SUBMITTED OCTOBER 14, 1968—DECIDED NOVEMBER 7, 1968.

*Strother, Judge & Smith, Glenn H. Strother*, for appellant.
*Glyndon C. Pruitt*, for appellee.