## 45067. TEPPENPAW v. BLALOCK.

EBERHARDT, Judge. This appeal is taken "from the verdict of the Clarke Superior Court on October 13, 1969, wherein the Judge of the Superior Court of Clarke County, Georgia, didected a verdict in favor of the defendant and against the plaintiff," the notice of appeal further reciting that "said directed verdict was made the judgment of the court on October 22, 1969." *Held:*

1. The notice of appeal[1] as originally drawn recited "Notice is hereby given that Carolyn Teppenpaw, plaintiff above named, hereby appeals to the Court of Appeals of Georgia from the verdict and judgment of the Clarke Superior Court on October 13, 1969," etc., but stricken therefrom by the use of a pen were the words "and judgment" so that when it came to this court the notice recited that the appeal was "from the verdict of Clarke Superior Court," etc. It is presumed that all alterations or interlineations were made before the notice was signed and filed in the trial court. *Collins v. Boring,* 96 Ga. 360 (4) (23 SE 401); *Vickers v. Hawkins,* 111 Ga. 119 (2) (36 SE 463); *Carter v. Johnson,* 156 Ga. 207 (1, 2) (119 SE 22); *Fairfax Loan &c. Co. v. Turner,* 49 Ga. App. 300 (2) (175 SE 267). We must take what remains in the notice when it comes to this court as a correct statement of appellant's intention as to what the appellant directs his appeal. *Interstate Fire Ins. Co. v. Chattam,* 222 Ga. 436 (150 SE2d 618); *Williams v. George,* 104 Ga. 599, 601 (30 SE 751); *West Lumber Co. v. Schnuck,* 82 Ga. App. 799, 803 (62 SE2d 370). This court has no jurisdiction to hear evidence to explain, to sustain, or to impeach the correctness of the notice in the form here received. *Georgia, Fla. &c. R. Co. v. Lasseter,* 122 Ga. 679 (1) (51 SE 15); *Ham v. Preston,* 152 Ga. 244 (1) (109 SE 505); *Sweat v. Barnhill,* 171 Ga. 294 (3) (155 SE 18); *Crawford v. Cook,*

---

[1] "Notice is hereby given that Carolyn Teppenpaw, plaintiff above named, hereby appeals to the Court of Appeals of Georgia from the verdict [*and judgment*] of the Clarke Superior Court on October 13, 1969, wherein the Judge of the Superior Court of Clarke County, Georgia, directed a verdict in favor of the defendant and against the plaintiff and said directed verdict was made the judgment of the court on October 22, 1969."

48 Ga. App. 456 (1) (173 SE 187). The notice is not amendable in this court. *Evans v. Perkins*, 225 Ga. 48 (1) (165 SE2d 652); *Hardnett v. U. S. Fidel. &c. Co.*, 116 Ga. App. 732 (158 SE2d 303). Nor is it amendable in the trial court after expiration of the time for filing as prescribed in *Code Ann.* § 6-803.

In his motion for rehearing, counsel for appellant asserts: "The notice of appeal is clear and concise. It means what it says and says what it means. The fact that the words 'and judgment' were stricken out has nothing to do with the case. The words 'and judgment' were stricken by counsel for appellant, and the words 'on October 22, 1969' were added at the end of the notice of appeal so that the notice would speak the truth and be exact in its intention." As we read the notice it indicates no intention save that of appealing from the verdict.

2. The verdict of a jury, whether resulting from direction or from deliberation, is not an "appealable judgment." *Hurst v. Starr*, 226 Ga. 42 (172 SE2d 604). Since the appeal is "from the verdict," the mere recital that the directed verdict was made the judgment of the court "does not constitute an appeal from a final judgment so as to satisfy the requirements of the Appellate Practice Act." *Williams v. Keebler*, 222 Ga. 437, 438 (150 SE2d 674); *Davis v. Davis*, 224 Ga. 740, 741 (164 SE2d 816).

The *verdict* itself is not a *judgment* or a *ruling*, and hence does not fall within the provision of *Code Ann.* § 6-701 that "Appeals may be taken to the Supreme Court and Court of Appeals from *judgments* and *rulings* of the superior courts," etc., "in the following instances: 1. Where the judgment is final—that is to say—where the cause is no longer pending in the court below. 2. Where the trial judge in rendering an order, decision or judgment not otherwise subject to direct appeal, certifies within 10 days of entry thereof that such order, decision or judgment is of such importance to the case that immediate review should be had."

The *judgment* or *ruling* of the court in sustaining or denying a motion for directed verdict is a reviewable one (*Crowe v. Holloway Development Corp.*, 114 Ga. App. 856 (152 SE2d 913)), but the appeal must be directed to that, as opposed to the verdict. If there had been an appeal from the *judgment entered on the verdict* the direction of the verdict could be

enumerated as error and the ruling could be reviewed. If appellant had obtained a certificate for review under *Code Ann.* § 6-701 (2) the appeal might have been directed to the judgment or ruling of the court in sustaining the motion; but no certificate was obtained, nor was this appeal directed to that judgment or ruling, or to the judgment on the verdict —it was directed to the *verdict*.

A different conclusion is not required by the provisions of the amendment of 1968 (Ga. L. 1968, p. 1072) to *Code Ann.* § 6-809 prohibiting dismissals "where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from . . . notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from," for *no judgment* is specified or appealed from here.

3. The appellate courts are not authorized to cause the notice of appeal to be perfected and must inquire into their own jurisdiction and dismiss unperfected appeals. *Interstate Fire Ins. Co. v. Chattam*, 222 Ga. 436, supra.

*Appeal dismissed. Jordan, P. J., and Pannell, J., concur.*

SUBMITTED JANUARY 9, 1970—DECIDED FEBRUARY 13, 1970—
REHEARING DENIED MARCH 6, 1970—

*Scott & Alexander, Guy B. Scott, Jr.,* for appellant.

*Telford, Wayne & Stewart, J. Douglas Stewart,* for appellee.

JORDAN, Presiding Judge, concurring. The opinion correctly sets forth the law as interpreted by the Supreme Court in the various cases cited therein. I must therefore concur in the judgment of this court dismissing the appeal. However, as stated in several other similar situations, it is my view that the amendment of 1968 to *Code Ann.* § 6-809 (Ga. L. 1968, p. 1072) was intended to prevent the dismissal of an appeal on a record such as that before us in this case.