### 43539. MIXON v. HALL et al.

PANNELL, Judge. The notice of appeal filed January 18, 1968, is "from the judgment entered in this action on November 11, 1966." There is a judgment on the verdict *dated* November 11, 1966, which was entered, by filing with the clerk, on November 19, 1966. The motion for new trial filed in the case was overruled on November 21, 1967, and entered November 28, 1967. Assuming that the notice of appeal is from the judgment entered on the verdict, the time for appealing from said judgment began to run from the entry of the order overruling the motion for new trial, that is, November 28, 1967. Section 5 of the Appellate Practice Act, as amended (Ga. L. 1965, pp. 18, 21; Ga. L. 1966, pp. 493, 496; *Code Ann.* § 6-803); *Williams v. Keebler,* 222 Ga. 437 (150 SE2d 674); *Curry v. Arnau,* 222 Ga. 591 (151 SE2d 447). A motion was made to dismiss the appeal as having been filed too late. *Held:*

1. The notice of appeal not having been filed within the statutory 30 days, the appeal was filed too late, in the absence of any order of the trial judge properly extending the time for filing the notice of appeal.

2. On December 15, 1967, the plaintiff in writing presented her motion "for an extension of time for the filing of plaintiff's notice of appeal from the judgment of the court, which denied the motion for new trial in said case" until January 20, 1968; the court thereupon "granted an extension of time for the filing of her notice of appeal from the judgment of the court denying her motion for new trial in said case . . . until January 20, 1968." This motion and this order by its express terms confined the extension of time for filing a notice of appeal to the judgment denying the plaintiff's motion for new trial, and it therefore was not effective to extend the time of filing a notice of appeal from the judgment on the verdict.

While Sec. 23 of the Appellate Practice Act (Ga. L. 1965, pp. 18, 40) provides that: "this Act shall be liberally construed so as to bring about a decision on the merits of every case appealed, and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to herein," it also provides for a dismissal of an appeal for late filing of a notice of appeal (Sec. 13 (b)). Further, the Act is plain, and to consider the appeal here would not be to "liberally construe the Act," but would be to substitute another judgment in a motion and order for extension of time for appeal therefrom, which motion and order specifically referred to a definitely described judgment different from the one appealed from. This would not be construction, but alteration. This we cannot do. Accordingly, the appeal must be dismissed.

*Appeal dismissed. Jordan, P. J., and Deen, J., concur.*
ARGUED APRIL 3, 1968—DECIDED APRIL 11, 1968.

*Lissner & Killian, William R. Killian,* for appellant.

*Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell,* for appellees.