PIRKLE <em>et al. v.</em> COOPER <em>et al.</em>

1. An administrator who purchases property at his own sale must take all the legitimate consequences of an election by heirs, duly made, to set the sale aside ; and the right to exercise such election can not be defeated because of the insolvency of the estate ; or because on a resale the property would bring less than at the first sale ; or because the administrator, in good faith believing that the sale to himself would be allowed to stand, used his own money in discharging indebtedness due by the estate.

2. That an administrator procured a creditor of his intestate, secured by a deed to land, to allow the same to be sold by the administrator free from the incumbrance of the deed, if a beneficial arrangement, operated to the advantage of heirs, but not that of the administrator ; nor could such a transaction defeat an election by heirs to annul a sale thus had when the administrator became the purchaser thereat.

3. A general averment that " heirs " or " members of the family " of an intestate consented to a given arrangement does not amount to a clear and unequivocal allegation that the plaintiffs in a particular action who are such heirs so consented.

4. It is not erroneous to reject as irrelevant testimony which does not throw light upon any issue made by the pleadings in the case on trial.

5. When an administrator's sale to himself is set aside by a court, the annulment can not be partial.   It must be complete ; but those only are affected

by the judgment and its consequences who are before the court when it is rendered.

Argued June 21,—Decided July 18, 1901.

Equitable petition.   Before Judge Estes.   Hall superior court. January 30, 1901.

*F. M. Johnson* and *W. R. Hammond*, for plaintiffs in error.
*Dean & Hobbs*, contra.

LUMPKIN, P. J.   This was an equitable proceeding, begun in due time by A. R. Cooper Jr., Mrs. Ella Wellborn, and others, as heirs at law of A. R. Cooper Sr., deceased, against R. N. Pirkle and W. H. Cooper as administrators of his estate, and others, to set aside the sale of certain lands belonging to that estate by R. N. Pirkle, as administrator, to himself.   Mrs. Caroline Cooper, the intestate's widow, was a party plaintiff when the petition was filed, but the same was as to her dismissed on the day the case was tried, and evidently before the trial was had.   It appears that some of. the heirs at law did not join in the petition.   The answer, after alleging that Pirkle, as the active administrator, had taken the exclusive management of the estate, admitted the purchase by him of the lands in controversy at his own sale thereof, but denied all actual fraud, and averred that the sale was fair and that the property brought its full value.   It also alleged that the purchase by the administrator was "at the earnest and repeated request of the widow, Caroline Cooper, and other heirs," and that the arrangement for him to become the purchaser was made at the request of her "and other heirs."   An amendment to the answer tendered by Pirkle was rejected by the court.   So far as material, its contents were, in substance, as follows:   The intestate, before his death, had borrowed a considerable sum of money from a named mortgage company, giving therefor a promissory note and securing the same by a deed to the lands now in dispute.   This deed was of force at the time the sale by Pirkle was to take place, and a claim was about to be filed by the mortgage company.   Pirkle, being anxious to protect the estate, "agreed with the said Caroline Cooper . . and with other members of the family" who were the heirs of the intestate, "and whose names he can not now recall with certainty after so long a lapse of time, that he would arrange to have said property bought off, and, if necessary, would take the same, in order to satisfy said indebtedness, and in order to protect the interests

of said estate." This was "at the urgent solicitation of the said Caroline Cooper, and with the knowledge and consent of the family, as hereinbefore stated." By promising the mortgage company to pay its claim in full, he procured its consent for him to sell the lands as administrator, free from the incumbrance of the security deed, and he actually did so. The proceeds were not sufficient to pay the debt, and he supplied the deficiency, amounting to over $300, from his own pocket. The company confirmed his sale by a conveyance of the lands. The estate is insolvent, and he has paid out more than he has received as administrator. The lands, if resold, will not bring as much as they did when first sold. The amendment concluded with a prayer that if the sale by the administrator to himself be set aside, the court decree a resale of the lands, the same to be conducted by some one other than himself, and direct that the proceeds be applied, so far as necessary, to the reimbursement of Pirkle for all amounts he had from his own means paid out in behalf of the estate. After the evidence was closed, the court directed a verdict for the plaintiffs, to the effect that the sale in question be set aside, that the conveyances purporting to evidence the same be canceled, and that the title to the lands be revested in the intestate's estate. Judgment was entered accordingly. The defendants thereupon made a motion for a new trial, which was overruled. Their bill of exceptions assigns error, in rejecting the offered amendment to the answer, and in refusing to grant a new trial.

1–3. The amendment was rightly rejected. It set up no real equity against the plaintiffs or any of them. Nothing is better settled in the law of this State than that heirs may, within a reasonable time, elect to set aside a purchase by an administrator at his own sale. Every administrator is absolutely chargeable with knowledge that such is the law; and therefore one who buys at his own sale must take all the consequences necessarily resulting from the exercise by heirs of their right to annul the transaction. It makes no difference with what amount of good faith the administrator acts, or that the estate is insolvent, or that a resale would yield a smaller return. He must, as already indicated, take all the chances of his sale to himself being allowed, by those who have a perfect right to repudiate it, to stand ; nor can he set up any supposed equity, growing out of his own disregard of the plain letter of the

law, which would defeat or even qualify the right of the heirs to exercise their option in the premises. To hold otherwise would uproot all of the established principles bearing on this subject. When the resale is had, the administrator may, of course, reimburse himself from the proceeds for any legitimate outlay he has made in behalf of the estate; but if the proceeds are inadequate, the loss will be his. Nor can he, to avoid such loss, demand that the court decree a resale to be conducted by some one other than himself, in order that he may be a competitive bidder at the same and thus force the property to bring a higher price than it otherwise would. The amendment derived no strength from the allegations relating to the arrangement made with the mortgage company, however advantageous it may have been to the estate. If it did operate beneficially to the trust with which he was clothed, he did no more than his duty in the premises, and the heirs — not he — became entitled to the corresponding gain. Certainly the making of such an arrangement could not, as against the heirs, give the administrator any lawful right to buy the property sold in pursuance thereof. There is no sufficient averment in either the answer or the amendment that any of the original plaintiffs except the widow consented to or ratified Pirkle's purchasing at his own sale; and, as has been seen, the action was, as to her, dismissed. The loose expressions "and other heirs," "other members of the family," etc., were certainly too indefinite to be treated as tendering any distinct issue on this point to the plaintiffs in whose behalf the case was pressed to trial. Especially is this so in view of the fact, mentioned above, that some of the intestate's heirs were never parties to the petition, and of the administrator's expressed inability to remember what "heirs" or "members of the family" had agreed that he might purchase at his own sale. Moreover, he did not undertake to allege that those who did consent were at the time of age and therefore competent to enter into an agreement binding in law upon them. We therefore uphold the ruling striking the amendment. The foregoing disposes, also, of several of the questions presented by the motion for a new trial. We will now give attention to those which are not thereby fully covered.

4. Error is assigned upon rejecting as irrelevant the offered testimony of Pirkle that the plaintiffs A. R. Cooper Jr. and Mrs. Wellborn were living, at the time of the sale of the lands in controversy,

on a different farm, and "expected" Pirkle to buy those lands "to get a home on, and all the family understood it and didn't object." The exclusion of this testimony was clearly right, for the reason, before stated, that the pleadings nowhere set up the defense that either one of these plaintiffs had consented to or ratified Pirkle's purchase from himself. Again, the testimony was itself exceedingly vague and indefinite. Evidence merely showing that A. R. Cooper Jr. and Mrs. Wellborn "expected" Pirkle to buy the lands in order, presumably, that they might somehow "get a home" thereon, and that "all the family" understood and did not object to this expectation, would fall far short of proving that these two heirs deliberately agreed that Pirkle might sell the lands to himself. Furthermore, it affirmatively appeared elsewhere in the testimony that A. R. Cooper Jr. was a minor when this alleged expectation on his part existed, and it does not appear that Mrs. Wellborn had then attained her majority.

5. The verdict is attacked because it sets the sale aside entirely and not merely as to some of the heirs. It was argued that the sale could be annulled as to those heirs only who rightfully exercised the election to set it aside. All of the heirs before the court when the verdict was returned established their right to have the sale declared void. There could be no such thing as a partial annulment of it. On the resale of these lands, the fee in each parcel must be put up and disposed of. In the settlement to follow, the plaintiffs and the administrator will be bound by the result; but the adult heirs who did not join in this proceeding will stand as they did before.

<em>Judgment affirmed. All the Justices concurring.</em>