## EDWARDS v. COLLINS.

WYATT, J. Mrs. Minnie Collins filed suit against Ralph Edwards, alleging, so far as is necessary here to be stated: that she is the widow and only

heir at low of C. M. Collins, who died in May, 1949, leaving personal property of the value of more than $1000, and described realty; that shortly after the death of C. M. Collins, the defendant in the court below, a half brother of the deceased, without consulting the petitioner, applied for, and was appointed, temporary administrator of the estate of C. M. Collins; that a few days thereafter, he came to the home of the petitioner and by representing to her that it was necessary to get her signature to a paper in order to administer the estate, he secured her signature, without her knowledge, to a quitclaim deed, conveying all of the real estate belonging to the estate to himself, for which he paid no consideration. The prayers were for injunction to restrain the defendant from disposing of any assets belonging to the estate, that the quitclaim deed be canceled, that a receiver be appointed, and that the plaintiff have general relief. A general demurrr and numerous special demurrers were filed to the petition, all of which were overruled by the trial court, to which ruling, exceptions pendente lite were duly preserved. The case then proceeded to trial. There was an issue of fact as to what was said by Ralph Edwards when the quitclaim deed was signed, but he admitted, and there was no dispute about the facts: that the plaintiff in the court below was the widow and sole heir at law of C. M. Collins; that they were living in a state of separation at the time of his death; that C. M. Collins died on June 4, 1949; that Ralph Edwards was appointed temporary administrator of his estate on June 6, 1949; and that on June 7, 1949, Ralph Edwards went to the home of Mrs. Minnie Collins with a quitclaim deed already prepared, and secured her signature to the deed, conveying all of the real estate of C. M. Collins to Ralph Edwards; that the deed recited a consideration of one dollar and other valuable consideration, but that as a matter of fact, no consideration was paid; and that neither the estate of C. M. Collins, nor Mrs. Minnie Collins was indebted to Ralph Edwards. The trial court directed a verdict in favor of the plaintiff in the court below. A motion for new trial was filed and amended contending that there were issues of fact that should have been submitted to a jury. The motion for new trial was duly overruled. The exception here is to the judgment denying a new trial, and error is assigned upon the exceptions pendente lite. *Held:*

1. "An administrator stands in a trust relation toward those interested in the estate of the intestate, including the widow and heirs, as far as transactions between him and them are concerned, and equity will not permit a person who is, or is about to become, an administrator to profit from his transactions with the heirs to their prejudice." 33 C. J. S. 1246, § 240. "Subject to certain exceptions hereinafter noted, the courts have almost unanimously held, both in the United States and in the British Empire, that an executor or administrator, at his own sale, may not purchase the property belonging to the decedent's estate. . . The rule is an application of the general rule against the purchase by a trustee of property belonging to the trust estate and is made in order to avoid the unfairness that is likely to follow on a sale in which the same person is vendor and purchaser." 21 Am. Jur. 730, § 622. "The ordinary may at any time grant temporary letters of administration upon any unrepresented estate, for the purpose of col-

lecting and taking care of the effects of the deceased, to continue and have effect until permanent letters are granted; and from the order granting temporary letters there shall be no appeal." Code, § 113-1207. "It is the duty of the temporary administrator . . to collect the debts of the estate, and to take charge of the personal property and preserve the same until a permanent administrator is appointed . . he cannot interfere with the realty for any purpose except to preserve and protect it." *Langford* v. *Langford*, 82 *Ga.* 202 (8 S. E. 76). "Nothing is better settled in the law of this State than that heirs may, within a reasonable time, elect to set aside a purchase by an administrator at his own sale." *Pirkle* v. *Cooper*, 113 *Ga.* 828, 830 (39 S. E. 289). In *Fleming* v. *Foran*, 12 *Ga.* 594, 598, this court quoted with approval from Torrey *v.* The Bank of Orleans (9 Paige, 650) the following: "it was held to be a settled principle of equity, that a person who is placed in a situation of trust or confidence, in reference to the subject of the sale, cannot be a purchaser of property on his own account. And that this principle is not confined to a particular class of persons, such as guardians, trustees and solicitors; but that it is a rule of Equity of universal application, that no person can be permitted to purchase an interest in property, where he has a duty to perform, inconsistent with the character of purchaser." See also *Collier* v. *Collier*, 137 *Ga.* 658 (74 S. E. 275); *Dorsey* v. *Green*, 202 *Ga.* 655 (44 S. E. 2d, 377). In the instant case, we have the temporary administrator, whose duty it is to preserve and protect all the assets belonging to the estate, who secures from the widow and sole heir at law, the next day after his appointment, a deed conveying to him all the real estate belonging to the estate, for which he paid, and is purported to have paid, nothing. The wife, under this undisputed state of facts, was entitled to have the conveyance canceled and set aside, regardless of the question of actual fraud practiced at the time of securing her signature to the deed, the deed certainly being voidable in so far as the grantor was concerned. It follows that the trial court did not err in overruling the demurrers to the petition, and in directing a verdict in favor of the plaintiff in the court below.

*Judgment affirmed. All the Justices concur.*

No. 17169. JULY 12, 1950.

*J. W. Salter, Edward T. Hughes,* and *P. Z. Geer,* for plaintiff in error.

*Robert B. Culpepper Jr.,* contra.