## 50068. NEWMAN v. STEINBERG.

CLARK, Judge.

A motion to dismiss this appeal has been filed on the ground that the intermediate order appealed from became moot by reason of a subsequent final judgment for appellee.

The record discloses that on May 9, 1974, two orders were signed by the trial judge. The first order sustained "the motion of the defendant to strike and dismiss the exceptions of the plaintiff to the auditor's report. . ." The second order "decreed that the report of the auditor be and the same is hereby made the judgment of this court and the defendant hereby discharged without costs." Both orders were filed in the clerk's office on the following day.

The notice of appeal shows that plaintiff did not appeal from the final judgment. It recites the appeal to be "from the judgment for the defendant issued by the court on 9 May, 1974, and certified for appeal by the court on 16 May, 1974, adjudging that the motion of the

defendant to strike and dismiss the exceptions of the plaintiff to the auditor's report be and the same is hereby sustained, and the plaintiff's exceptions are hereby stricken and dismissed." The single enumeration of error is likewise directed solely to that intermediate order sustaining defendant's motion to strike. It reads: "Judgment for the defendant denying the plaintiff's right to have exceptions of the fact to the report of the auditor passed on by a jury is contrary to law." It thus appears from the record that the appeal was limited to the intermediate order despite the existence of a final judgment which discharged the defendant without costs.

The issues raised by the appellant-plaintiff with regard to the order sustaining defendant's motion to strike have become moot in view of the court's judgment discharging the defendant. *Reinhardt v. Parker,* 129 Ga. App. 312 (199 SE2d 638). This court is powerless, therefore, to render a decision upon the questions presented by plaintiff. Code Ann. § 6-809 (b). The fact that there is a review certificate accompanying the appeal as to the intermediate order does not prevent the mootness. Accordingly, we deem the motion to dismiss the appeal meritorious.

*Appeal dismissed. Pannell, P. J., and Quillian, J., concur.*

ARGUED JANUARY 10, 1975 — DECIDED JANUARY 31, 1975.

*Harrison, Jolles & Miller, Charles F. Miller, Jr.,* for appellant.

*Burnside, Dye & Miller, Thomas R. Burnside, Jr.,* for appellee.