### 36936. SANDERS et al. v. LOONEY.

SMITH, Justice.

Appellants and appellee, sisters and brother, are the heirs at law of Clarence Looney, a brother who died intestate. The decedent left an estate of approximately $26,000. Appellants brought this action to obtain a rescission of their agreements with appellee in which each, for the sum of $2,000.00, released their respective claims to the estate. Appellants contend they were fraudulently induced by appellee to release their interests. The jury returned a verdict for appellants, but the trial court granted appellee's motion for judgment notwithstanding the verdict. We reverse.

1. Appellee moves to dismiss the appeal because appellants incorrectly state, in their enumerations of error, that they are appealing from the trial court's judgment directing a verdict for appellee. As the trial court's ruling was made after a jury verdict for appellant, appellee is technically correct in denominating it as a judgment notwithstanding the verdict. CPA § 50 (b) (Code Ann. § 81A-150 (b)). Nevertheless, appellant's misnomer does not require dismissal. "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." Code Ann. § 6-809 (d). In the instant case, it is eminently clear that appellants seek review of the trial court's grant of judgment notwithstanding the verdict in favor of appellee.

In addition, appellee contends the appeal should be dismissed because appellants fail to state "what remedial action should be taken by the court . . ." This is a meritless contention. Appellants sought rescission of their release agreements, and their prayer for relief is more than adequate to determine the appropriate remedial action on appeal.

2. Appellants assert that there was sufficient evidence presented on the issue of fraud to require submission to the jury. Appellee responds that appellants failed to prove all the essential elements of fraud. The documentary evidence produced at trial

shows that on August 16, 1978, each appellant signed a receipt indicating that she had received $2,000.00, "From Clarence Looney Estate Paid in Full." On the same day appellee petitioned the probate court for letters of administration. In this petition appellee stated that Clarence Looney left an estate of "personal property worth approximately Twenty Thousand Dollars . . . [and] that [appellee] is entitled to be appointed Administrator by reason of having been selected by a majority of the heirs at law."[1]

In addition to this documentary evidence, the testimony presented at trial establishes that there were material issues of fact regarding the circumstances under which appellants signed the purported release documents. Without attempting to restate all of the evidence, some conflicts are noteworthy: Appellants testified that appellee indicated the $2,000.00 was what their deceased brother wanted them to have as their "share" of the estate and that appellee repeatedly sought their signature on the releases. Appellee disputes this and claims he did not know the actual value of the estate on August 16. He indicated that he obtained appellants' release of all their interest in the estate because it was what they wanted. The parties also disagree as to whether appellants asked appellee the value of the estate before signing the releases.

Based on the record in this case, we find that there was sufficient evidence presented to create a jury question as to whether appellee fraudulently obtained the releases. "Fraud . . . being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." Code Ann. § 37-706. See *Ringer v. Lockhart,* 240 Ga. 82 (239 SE2d 349) (1977).

3. Appellee argues that appellants had an "equal and ample opportunity to know the truth of the value of the estate," and that appellants not only signed the receipts on August 16, but six days later they each signed a release document. Thus, appellee contends, appellants cannot assert that they justifiably relied on appellee's representations.[2] Appellants assert that they signed the documents in reliance upon appellee's statement that $2,000.00 was their share of the estate and that under the circumstances of this case, they were entitled to rely on this statement. There is no evidence that

---

[1] On August 16, appellants signed a second document, in addition to the receipt, by which they selected appellee as administrator. In early October, after appellants discovered the estate's true value, they withdrew their selection of appellee as administrator, and he was never appointed.

[2] Apparently, this argument was accepted by the trial court when it granted appellee's motion for judgment notwithstanding the verdict.

appellants independently attempted to verify appellee's statement or determine the estate's actual value.

Ordinarily, "[q]uestions of . . . whether the plaintiff could have protected himself by the exercise of proper diligence are, except in plain and indisputable cases, questions for the jury." *Brown v. Techdata Corp.,* 238 Ga. 622, 625 (234 SE2d 787) (1977); *Travel Wholesale, Inc. v. Herren,* 132 Ga. App. 560 (208 SE2d 571) (1974). Appellee contends that this is one of those indisputable cases and that the trial court was correct in resolving the issue against appellants as a matter of law. We disagree. In our view, there was sufficient evidence to authorize the jury to conclude that a "confidential relationship" existed between appellants and appellee. See Code § 37-707. The evidence, when viewed most favorably to the verdict, established not only a close blood relationship between the parties, but also showed that appellee had assumed a central role vis à vis the administration of the estate. "[E]quity will not permit a person who is, *or is about to become,* an administrator to profit from his transactions with the heirs to their prejudice." (Emphasis supplied.) *Edwards v. Collins,* 207 Ga. 204, 205 (60 SE2d 337) (1950). The existence of a "confidential relationship" would justify appellants' reliance on appellee's representations and excuse their failure to make their own determination of the estate's value. See *Cochran v. Murrah,* 235 Ga. 304 (219 SE2d 421) (1975).

4. As a final argument, appellee asserts that appellants' failure to tender the $2,000.00 to him prior to this action precludes rescission of the release agreement. We cannot agree. As a condition precedent to equitable rescission of a contract, a party is not, as a general rule, required to return that which he will be entitled to retain. *Collier v. Collier,* 137 Ga. 658 (74 SE 275) (1911). See *Cowart v. Gay,* 223 Ga. 635 (157 SE2d 466) (1967). (For a thorough discussion of tender requirements in rescission actions, see *Brown v. Techdata Corp.,* supra.) Based on the facts in the present case, each appellant is entitled to a one-third share of the estate, which under the evidence will exceed $2,000.00. Although on these facts appellants were not required to tender the monies, they did each pay $2,000.00 into the registry.

We therefore conclude that the trial court erred in granting appellee's motion for judgment notwithstanding the verdict. Accordingly, the judgment is reversed with direction that the jury verdict be reinstated.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 7, 1981.

*Charley G. Morris, Michael S. Webb,* for appellants.
*H. W. Roberts,* for appellee.