### 68186. HORTON v. ALLSTATE INSURANCE COMPANY.

QUILLIAN, Presiding Judge.

Plaintiff-appellant Horton appeals from judgment in favor of defendant-appellee Allstate Insurance Company in an action to recover on a no-fault automobile insurance policy. *Held*:

1. Appellee moves to dismiss the appeal as not timely filed. The trial court directed a verdict for appellee on May 2, 1983 and entered judgment on the verdict on May 3. On June 2, 1983 appellant filed notice of appeal erroneously stating that it was from the directed verdict of May 2. The trial court denied appellee's motion to dismiss the appeal and permitted appellant to amend his notice of appeal to show that it was from the judgment entered on May 3.

The notice of appeal was filed within 30 days of the entry of the judgment as required by OCGA § 5-6-38.

"If an error appears in the notice of appeal, the court shall allow the notice of appeal to be amended at any time prior to judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it." OCGA § 5-6-48 (d).

"Appellee moves to dismiss the appeal because appellants incorrectly state, in their enumerations of error, that they are appealing from the trial court's judgment directing a verdict for appellee. As the trial court's ruling was made after a jury verdict for appellant, appellee is technically correct in denominating it as a judgment notwithstanding the verdict. [Cit.] Nevertheless, appellant's misnomer does not require dismissal. 'Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed.' Code Ann. § 6-809 (d) [now OCGA § 5-6-48 (f)]. In the instant case, it is eminently clear that appellants seek review of the trial court's grant of judgment notwithstanding the verdict in favor of appellee." *Sanders v. Looney,* 247 Ga. 379 (1) (276 SE2d 569). Compare *Ballew v. State,* 225 Ga. 547 (170 SE2d 242); *Hurst v. Starr,* 226 Ga. 42 (172 SE2d 604); *Smith v. Sorrough,* 226 Ga. 744 (177 SE2d 246).

In this case, as it is likewise eminently clear that appellant is ap-

pealing the entry of judgment in favor of appellee, the motion to dismiss is denied.

2. It is asserted that the trial court erred in directing a verdict in favor of appellee on the ground that nonpayment of property damage benefits provided by the collision coverage of the policy was irrelevant to the computation and imposition of sanctions of OCGA § 33-34-6 (b) and (c), which provides:

"(b) Benefits required to be paid [by this chapter] without regard to fault shall be payable monthly as loss accrues. The benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the fact and the amount of loss sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after proof is received by the insurer. Any part or all of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after proof is received by the insurer . . . In the event the insurer fails to pay each benefit when due, the person entitled to the benefits may bring an action to recover them and the insurer must show that its failure or refusal to pay was in good faith, otherwise the insurer shall be liable for a penalty not exceeding 25 percent of the amount due and reasonable attorney's fees.

"(c) In addition to all other penalties provided for in this Code section, in the event that an insurer fails or refuses to pay a person the benefits which the person is entitled to under this chapter within 60 days after proper proof of loss has been filed, the person may bring an action to recover the benefits; and, if the insurer fails to prove that its failure or refusal to pay the benefits was in good faith, the insurer shall be subject to punitive damages."

As to property damage benefits OCGA § 33-34-5 (a) states: "Each insurer shall also make available on an optional basis the following coverage: (1) [optional PIP coverages] . . . (3) Compensation without regard to fault for damage to the insured motor vehicle not to exceed the actual cash value of the vehicle at the time of the loss . . . provided that benefits payable under this paragraph may be subject to deductibles at the written election of the policyholder."

"What is required to constitute 'an opportunity to accept or reject, in writing, the optional coverages' is not described in the statute [OCGA § 33-34-5 (c)]. We now interpret the meaning of that language. We hold that a two part requirement necessarily exists. The opportunity must include a document containing (1) written information clearly stating the optional no-fault PIP coverage and *the optional no-fault vehicle damage coverage*, and (2) a means for the insured to make a written acceptance or rejection of each . . . *Optional no-fault vehicle damage coverage must be offered.*" *Wiard v. Phoenix Ins. Co.*, 251 Ga. 698, 700 (310 SE2d 221). (Emphasis supplied.)

Appellant's no-fault policy with appellee clearly shows auto collision coverage of actual cash value less deductible of $100, which is of course, an optional coverage paying "[c]ompensation without regard to fault for damage to the insured motor vehicle." OCGA § 33-34-5 (a) (3).

We find that OCGA § 33-34-6 (b) and (c), supra, include "compensation without regard to fault for damage to the insured motor vehicle" as a benefit "required to be paid without regard to fault," contrary to appellee's assertion that collision coverage is not no-fault coverage, and was highly relevant to the computation and imposition of the sanctions provided by that Code section. Therefore, the trial court erred in directing a verdict for appellee on this issue.

3. The trial court also erred in directing a verdict for appellee removing the issue of punitive damages, provided by OCGA § 33-34-6 (c), supra, from consideration by the jury. This ruling was made on the ground that the evidence did not show that notice of claim was received by appellee more than 60 days before any payment was made.

Although appellee presented evidence denying receipt of reasonable proof of loss more than 60 days before any payment was tendered to appellant, appellant presented evidence that he had provided appellee reasonable proof of loss more than once by mailing the same in the United States mail to appellee in a properly addressed and postpaid envelope from three to six months prior to any payment being tendered by appellee.

"It is well established that '[w]hen it is shown that a letter was properly addressed, duly stamped, and mailed, a prima facie inference of fact may be drawn that it was received by the addressee.' [Cit.] . . . [Appellee's] denial that [it] ever received the letter raises a material question of fact to be resolved by the jury." *Parnell v. Etowah Bank*, 144 Ga. App. 794, 796 (242 SE2d 487).

The evidence being in conflict on this issue, a verdict was not demanded, and the direction of a verdict thereon was error. OCGA § 9-11-50 (a); *Findley v. McDaniel*, 158 Ga. App. 445 (1) (280 SE2d 858).

4. The remaining error alleged is not likely to recur in a retrial.

*Judgment reversed. Carley, J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED JUNE 15, 1984 —
REHEARING DENIED JULY 20, 1984 —

*David S. Bills, Don C. Keenan,* for appellant.

*Y. Kevin Williams*, for appellee.