76998. SEATON v. AETNA CASUALTY & SURETY COMPANY.
(376 SE2d 712)

Banke, Presiding Judge.

The appellant sued the appellee insurer to recover no-fault benefits allegedly due her under a policy of motor vehicle accident insurance issued to a third party by the appellee. See generally OCGA § 33-34-1 et seq. In addition, she sought to recover a bad-faith penalty, punitive damages and attorney fees pursuant to OCGA § 33-34-6.

Prior to trial, the appellee sought a protective order relieving it of any obligation to produce certain discovery materials sought by the appellant. These materials evidently related to a personal injury action the appellant had filed seeking to recover damages from the driver of the insured vehicle based on the same injuries for which she sought no-fault benefits in the present case. According to the appellant, these discovery materials were relevant to her claim for a bad-faith penalty, punitive damages and attorney fees in the present case in that they would have established how long the appellee had been in possession of evidence supporting her claim for no-fault benefits.

On April 8, 1986, the trial court entered an order granting the appellee's request for a protective order with respect to any "communications between the [appellee] and its counsel or work product of [appellee's] attorney." On June 10, 1986, the trial court entered a related order directing the appellee to deliver to the court for in-camera inspection all materials which it continued to withhold from the appellant on the basis of the attorney-client or work product privilege. On November 11, 1986, the court entered a third order stating that it had completed its in-camera inspection of the materials in question and had determined that, with the exception of one document which had already been served on the appellant as an attachment to a summary judgment motion, all of the materials were privileged and were not required to be produced.

The case ultimately proceeded to trial and to a resulting verdict in favor of the appellee. Judgment was entered on the verdict on November 23, 1987. On December 21, 1987, the appellant filed a notice of appeal which specified, in pertinent part, as follows: "Notice is hereby given that the plaintiff hereby appeals to the Court of Appeals from the orders of the trial court entered in the case on 4/8/86, 6/10/

86, and 11/10/86. Final judgment was entered in the case on 11/23/87." The appellee has moved this court to dismiss the appeal on the grounds that the rulings appealed from were interlocutory in nature and were rendered moot by the subsequent verdict and judgment in its favor. *Held*:

1. The motion to dismiss is denied. OCGA § 5-6-48 (b) specifies three grounds upon which an appellate court may dismiss an appeal, as follows: "(1) For failure to file notice of appeal within the time required as provided in this article or within any extension of time granted hereunder; (2) Where the decision or judgment is not then appealable; or (3) Where the questions presented have become moot." The asserted defect in the notice of appeal in this case does not cause the appeal to fall into any of these categories. Moreover, dismissal of the appeal would contravene both the letter and the spirit of OCGA § 5-6-48 (f), which provides as follows: "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." Accord *Sanders v. Looney*, 247 Ga. 379 (1) (276 SE2d 569) (1981); *Brackett v. Allison*, 119 Ga. App. 632 (1) (168 SE2d 611) (1969); *Horton v. Allstate Ins. Co.*, 171 Ga. App. 707 (1) (320 SE2d 761) (1984).

The appellee's reliance on *Martin v. Farrington*, 179 Ga. App. 227 (346 SE2d 5) (1986), as authority for a contrary conclusion is misplaced. There, we held that "[w]here the notice of appeal specifies that the appeal is taken from an order which is not appealable *and where the appeal is in fact taken from such an order*, the appeal is subject to dismissal." Id. (Emphasis supplied.) It is readily apparent that although the appeal in the present case was *directed to* the interlocutory orders entered in 1986, it was in fact *taken from* the final judgment entered on November 23, 1987, for that is the only reasonable explanation both for the appellant's having waited until December 21, 1987, to file the appeal and for the inclusion of the statement in her notice of appeal that "the final judgment had been entered on November 23, 1987." To take what is at most a technical inartfulness in the wording of the notice of appeal and to treat it as a jurisdictional defect requiring dismissal would be wholly incompatible with the letter and spirit of the Appellate Practice Act. Accord *Steele v. Cincinnati Ins. Co.*, 252 Ga. 58 (311 SE2d 470) (1984).

We must also reject the appellee's contention that the present appeal is subject to dismissal for mootness. The test of mootness is whether the appellant, in case of a reversal, could claim or enforce the

rights insisted upon. *Haley v. Bailey*, 199 Ga. 486, 488 (34 SE2d 685) (1945). If the judgment in the present case were reversed on the ground that the appellant was improperly denied access to relevant discovery materials, then the appellant would be in a position to insist on those materials prior to the re-trial of the case. Therefore, the issues raised by the appeal are not moot.

2. The court's refusal to grant access to the requested materials was, however, harmless under the circumstances of the present case. The appellant does not contend that the materials would have provided additional support for her claim for no-fault benefits. Rather, she contends that they would have supported her claim for a bad-faith penalty, attorney fees, and punitive damages by showing at what point the appellee was in possession of reasonable proof establishing her entitlement to no-fault benefits. However, the jury determined that the appellee was not entitled to any no-fault benefits whatever. Since an insurer clearly cannot incur additional liability under OCGA § 33-34-6 for refusing to pay no-fault benefits which it does not in fact owe, it follows that if the court erred in granting the motion for protective order, that error could not have contributed to the jury's verdict.

*Judgment affirmed. Deen, P. J., Carley and Benham, JJ., concur. Beasley, J., concurs specially. Birdsong, C. J., McMurray, P. J., Sognier and Pope, JJ., dissent.*

BEASLEY, Judge, concurring specially.

I concur in the majority opinion and, with respect to Division 1, do so upon the following analysis.

Appeal may be sought from interlocutory rulings if the proper procedure is followed and the appellate court deems it wise to consider the matters raised at that interim stage rather than waiting until the case is finally concluded. OCGA § 5-6-34 (b). The complaining party may choose whether to seek such interlocutory review or abide until final judgment and then appeal of right under OCGA §§ 5-6-33 (a) (1) and 5-6-34 (a), calling into question the adverse interlocutory rulings. OCGA § 5-6-34 (d). As provided in that subsection (d), by proceeding to final judgment he does not waive a review of the interlocutory rulings, even if he does not seek a certificate from the trial judge or file an application with the appellate court. The rulings are preserved for consideration on direct appeal from the final judgment. See *Southeast Ceramics v. Klem*, 246 Ga. 294 (1) (271 SE2d 199) (1980).

Here, plaintiff elected not to interrupt the litigation and request permission of the trial court and the appellate court to review the discovery orders. Instead of incurring additional expense and delay, she chose to proceed as best she could to trial in hopes that the ad-

verse rulings would not affect the final outcome. When it was reached unfavorably to her, she appealed. She has no quarrel with the trial itself or with the way in which the verdict and judgment were reached, except with respect to the discovery orders insofar as they kept documents from her perusal and use as evidence. Implicitly, the rulings if wrong arguably harmed her by restricting her proof at trial, so the rulings are not moot as contended by appellee.

The notice of appeal, filed within 30 days of the judgment as required by OCGA § 5-6-38 (a), contains as its first paragraph the following: "Notice is hereby given that the Plaintiff hereby appeals to the Court of Appeals from the Orders of the Trial Court entered in the case on 4/8/86, 6/10/86 and 11/10/86. Final judgment was entered in the case on 11/23/87."

Applying OCGA § 5-6-48 (f), especially in the spirit of OCGA § 5-6-30 and the last sentence of OCGA § 5-6-48 (d), we are bound to consider the appeal. The notice itself, the timely filing of it as relates to the entry of the judgment, the portions of the record designated by appellant to be transmitted for our consideration, and the single enumeration of error, make sufficiently clear that the appeal is technically from the final judgment and that the alleged error is that it was infected by legally defective discovery rulings. The notice itself refers to the final judgment and identifies the date of the entry. It just does not state explicitly that this is what is appealed from, but that inartfulness does not preclude review. The wording of the notice in this regard substantially complies with OCGA § 5-6-37 and the notice is complete and proper in all other respects. Thus it differs from the type found dismissible in *Ballew v. State*, 225 Ga. 547 (170 SE2d 242) (1969), and belongs in the category found adequate in *Sanders v. Looney*, 247 Ga. 379 (1) (276 SE2d 569) (1981), and in *Johnson v. Daniel*, 135 Ga. App. 926 (1) (219 SE2d 579) (1975).

The mistake in wording here is similar to that made by appellant in *Steele v. Cincinnati Ins. Co.*, 252 Ga. 58 (311 SE2d 470) (1984). There the Supreme Court adhered to the more liberal treatment of notices of appeal which it had adopted in light of the language of the Appellate Practice Act. It eschewed the exactitude which had been required in earlier cases such as *Interstate Fire Ins. Co. v. Chattam*, 222 Ga. 436 (150 SE2d 618) (1966), which had resulted in dismissals. Instead, it expressly chose to "follow the route . . . toward less technical and more expeditious handling of cases involving minor procedural errors." Id. at 59.

In doing so, the Supreme Court was consistent with the realistic approach, derived in obedience to Code Ann. § 6-809 (d) [OCGA § 5-6-48 (f)], which was applied in *Housing Auth. of Douglas v. Marbut Co.*, 229 Ga. 403 (191 SE2d 785) (1972), a case decided several years

after *Interstate*.[1]

The same more recently evolved application must be given here, and it leads to the same result. It is "apparent," in the word used in *Housing Auth.*, from what appellant has written and done, that she appeals from the final judgment. The notice of appeal was "sufficient to notify the opposing party," in the words used in *Steele*, supra at 60.

I am authorized to state that Presiding Judge Deen joins in this special concurrence.

BIRDSONG, Chief Judge, dissenting.

I respectfully dissent from Division 1 of the majority opinion. I cannot agree with the conclusion that "[t]he asserted defect in the notice of appeal in this case does not cause the appeal to fall into any of" the three bases for dismissal of an appeal under OCGA § 5-6-48 (b). Specifically, I would find that the appeal is untimely.

1. The notice of appeal states: "Notice is hereby given that the Plaintiff hereby appeals to the Court of Appeals from the Orders of the Trial Court entered in the case on 4/8/86, 6/10/86 and 11/10/86." I am of the opinion that this appeal is from those three orders — all of which are interlocutory in nature. The majority is of the opinion that this appeal is not from the listed interlocutory orders but from the final judgment of "11/12/86."

The majority finds OCGA § 5-6-48 (b) prohibits dismissal of this appeal because we may dismiss only: "(1) For failure to file [a] notice of appeal within the time required as provided in this article or within any extension of time granted hereunder; (2) Where the decision or judgment is not then appealable; or (3) Where the questions presented have become moot." The first basis is applicable here. Appeal is taken specifically from the trial court's decision on three interlocutory orders. Such appeal must be made within 10 days (OCGA § 5-6-34 (b)), or can be made in conjunction with an appeal from a final judgment. *Southeast Ceramics v. Klem*, 246 Ga. 294 (1) (271 SE2d 199). No appeal was taken from the final judgment, thus the direct appeal taken in this case was not within the statutory time and not in conjunction with an appeal from the final judgment — hence, was untimely.

2. Our Code requires that "[t]he notice [of appeal] shall set forth . . . a concise statement of the judgment, ruling, or order entitling the appellant to take an appeal. . . ." OCGA § 5-6-37. I would find that

---

[1] *Interstate* was relied on as a basis for dismissal of appeal in *Hurst v. Starr*, 226 Ga. 42 (172 SE2d 604) (1970). *Hurst* in turn was the authority for requiring dismissal in *Smith v. Sorrough*, 226 Ga. 744 (177 SE2d 246) (1970). Both *Hurst* and *Smith* were overruled in *Steele*.

the appellant has "set forth . . . a concise statement of the judgment, ruling, or order entitling [him] to take an appeal. . . ." He specifically appealed from the trial court's ruling on the listed interlocutory orders. I have no disagreement with the majority that "[w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal should be considered in accordance therewith. . . ." OCGA § 5-6-48 (f). I find that the appellant has stated very clearly what order is being appealed — the notice specified only the orders of "the Trial Court entered in the case on 4/8/86, 6/10/86 and 11/10/86." Those rulings were on interlocutory matters — and were not final judgments. The enumeration of error is just as clear. Appellant alleged: "The Trial Court erred, and abused its discretion, by granting Defendant's Motion for Protective Order (R-87, 88) [the order of "11/10/86"] refusing to permit discovery by the Plaintiff of all documents within Defendant's possession regarding the claims of Plaintiff. . . ." Thus, appellant abandoned its claim of error as the interlocutory orders of "4/8/86" and "6/10/86" and enumerated error only as to the interlocutory order of "11/10/86" denying discovery. Appellant's brief is equally precise and clear. It summarizes its contentions: "The issue before this Honorable Court being whether the Trial Court erred in granting Defendant's Motion for Protective Order and in refusing to grant Plaintiff/Appellant discovery of the Defendant/Appellant's files." In summary, because appellant specifically appealed only from decisions on three interlocutory orders, enumerated error as to only one interlocutory order, and in the brief argued only the ruling of one interlocutory order, I cannot agree with the majority that this appeal "was in fact *taken from* the final judgment entered on November 23, 1987. . . ."

3. Of course, "final judgment" was mentioned in the notice of appeal: "Final Judgment was entered in the case on 11/12/87." This poses the question of whether this singular reference to a "final judgment" is sufficient to signify this appeal is from the final judgment. Does the mere mention of "final judgment" negate the otherwise definite statement of appellant that this appeal is from the three listed orders and infuse life into those otherwise dormant rulings on which time has expired to appeal? I would follow the case precedent of this Court and the Supreme Court in making this decision.

Similar references to final judgment in a notice of appeal have not sufficed to show compliance with appellate procedural statutes. In *Interstate Fire Ins. Co. v. Chattam*, 222 Ga. 436 (150 SE2d 618), the Court of Appeals had certified a question to the Supreme Court on the sufficiency of a notice of appeal, and we were instructed: "Indeed, this court held in *Gibson v. Hodges*, 221 Ga. 779 (147 SE2d 329), that

an appeal was fatally defective when it failed to designate 'any appealable judgment or order as the ruling that entitled the appellant to take an appeal.' The Court of Appeals can not know the appellant's intent other than he expressed it when he said the appeal was from a verdict·. . . . With all the court's sympathy for lawyers and litigants, it can not constitutionally provide the procedure of appeals nor engage in the practice of law by directing the judgments or orders on appeal when the appellant has not chosen to appeal therefrom. Where there is only an appeal from a jury verdict, there is nothing to review, and the Court of Appeals has no jurisdiction. . . ."

The Supreme Court followed the above decision with *Williams v. Keebler*, 222 Ga. 437 (150 SE2d 674), in which an appeal was taken "from the verdict entered in said action on February 19, 1965. Motion to set aside the verdict and judgment was filed and overruled on November 6, 1965." The facts in *Williams* are very similar to those in the instant appeal in which the appeal is taken "from" three listed interlocutory orders and the notice parenthetically cites that judgment was entered at a later date. In *Williams*, supra, the Supreme Court held that a verdict was not an appealable judgment and "the mere mention in the notice of appeal of the judgment overruling the motion to set aside the verdict and judgment does not constitute an appeal from a final judgment so as to satisfy the requirements of the Appellate Practice Act. The omission in the notice of appeal to designate any appealable judgment or order as the ruling that entitles the appellant to take the appeal is fatal." Id. at 438. A later decision, *Davis v. Davis*, 224 Ga. 740 (164 SE2d 816) tracks *Williams*, supra, in which it was held: "Since the appeal was taken from the verdict and from a ruling which was not an appealable judgment, the mere mention in the notice of appeal of the judgment overruling the motion for new trial 'does not constitute an appeal from a final judgment so as to satisfy the requirements of the Appellate Practice Act." Id. at 741.

Rulings of this Court are consistent with those of the Supreme Court. In *Ruth v. Kennedy*, 117 Ga. App. 632 (161 SE2d 410), we held that where the "notice of appeal recites that the plaintiff 'hereby appeals to the Court of Appeals from the order entered on her motion to purge the jury' and that thereafter the case proceeded to verdict and final judgment" that "[t]he fact that an appealable judgment is shown to exist, or that the antecedent ruling on the motion to purge the jury would be reviewable when enumerated as error on the proper designation of an appealable judgment, does not cure the fatal defect in the notice of appeal arising from the failure to appeal from such a judgment." We reached the same conclusion in *Teppenpaw v. Blalock*, 121 Ga. App. 320, 321 (2) (173 SE2d 442), aff'd 226 Ga. 619, in which the appeal was " 'from the verdict of the Clarke Superior Court . . . wherein the Judge . . . directed a verdict in favor of the defend-

ant and against the plaintiff . . . [and] said directed verdict was made the judgment of the court on October 22, 1969.' " This Court held: "Since the appeal is 'from the verdict,' the mere recital that the directed verdict was made the judgment of the court 'does not constitute an appeal from a final judgment so as to satisfy the requirements of the Appellate Practice Act.' "

The instant notice of appeal is so similar to the cases cited above that they are controlling as to the result we should reach. As long as these controlling precedents are extant, then this Court should follow them, distinguish them, or overrule them. The bench and bar should not be forced to elect which line of conflicting cases they should follow. See also: *Martin v. Farrington*, 179 Ga. App. 227 (346 SE2d 5); *Newman v. Steinberg*, 133 Ga. App. 824 (212 SE2d 479).

Accordingly, since the notice of appeal, enumeration of errors, and brief of counsel, specifically, with certainty and with definiteness, designate an appeal only from interlocutory orders, and did not appeal from the final judgment, the appeal is untimely and we should follow the many precedents of this Court and the Supreme Court which require dismissal of the appeal. Therefore, I respectfully dissent to Division 1 of the majority opinion.

I am authorized to state that Presiding Judge McMurray, Judge Sognier and Judge Pope join in this dissent.

DECIDED DECEMBER 5, 1988.

*Robert W. Raleigh*, for appellant.
*William L. Spearman*, for appellee.